## JUAN CAPPE v. BRIZZOLARA et al.

A COURT has power to set aside the report of a referee, and grant a new trial, on the ground that the evidence before the referee was insufficient to justify his decision.

The provisions of the Practice Act relating to new trials are general, and vest in Courts the same power, in cases tried by a referee, as in cases tried by the Court itself, or by a jury.

Tyson v. Wells, (2 Cal. 122) upon this point, overruled.

APPEAL from the Second District.

Suit upon a promissory note, made by defendants, by the assignee thereof—the defense being that the plaintiff took the note after maturity, and that defendants have offsets against it. The main offset claimed was that the note was executed, not to evidence any indebtedness from the maker to the payee, but simply to show the interest of the payee in a partnership alleged to have existed between the maker and payee ; the answer averring large losses sustained by the partnership, and praying that the payee's share thereof be set off against the note.

The case was sent to a referee, who reported findings and judgment in favor of defendants. Report confirmed by the Court, and judgment entered for defendants. A motion for new trial was granted, as stated in the opinion of this Court. Defendant Brizzolara appeals from the order.

B. T. Pate, for Appellant, cited Muldrow v. Norris, 2 Cal. 74 ; Tyson v. Wells, Id. 122 ; Headley v. Reed, Id. 322 ; Peachy v. Pitcher, 4 Id. 205 ; Grayson v. Guild, Id. 124 ; Goodrich v. Marysville, 5 Id. 430 ; Morgan v. Mather, 2 Ves. 15 ; Chase v. Wetmore, 13 East. 357 ; Armstrong v. Marshall, 4 Dowl. P. C. ; Knowles v. Joost, 13 Cal. 620 ; Esterly v. Cole, 3 Conn. 502 ; Ferter v. Heath, 11 Wend. 477 ; Kauffman v. Copous, 16 Id. 478 ; Melvin v. Leaycraft, 17 Id. 169 ; People v. Superior Court, 20 Id. 663 ; McPherson v. Cheadell, 24 Id. 15 ; Gunter v. Sanchez, 1 Cal. 45 ; Walton v. Minturn, Id. 362 ; 1 Barb. Ch. R. 168 ; Douglass v. Young, 2 Wend. 352 ; Green v. Brown, 3 Barb. Ch. R. 119.

Cappe *v.* Brizzolara.

*W. J. Graves and Eugene Lies*, for Respondent.

I.   An order granting a new trial is a matter peculiarly within the discretion of the Court below, and every presumption is in favor of its proper exercise; and this Court will not interfere except in case of its gross abuse. (*McHenry* v. *Moore*, 5 Cal. 90 ; *Peters* v. *Foss*, 16 Id. 357 ; 2 Graham & W. on New Trials, 43, *et seq. ; Watson* v. *McCloy*, 4 Cal. 104 ; *Hanson* v. *Barnhisel*, 11 Id. 340.)

II.   The report or decision of a referee may be reviewed in like manner as the decision of the Court, or verdict of a jury, and on the ground that the testimony did not justify the decision. (*Goodrich et al.* v. *City of Marysville*, 5 Cal. 430 ; *Branger et al.* v. *Chevalier*, 9 Id. 353 ; *Esterly* v. *Cole*, 3 Conn. 502 ; *Foster* v. *Coleman*, 1 E. D. Smith, 85 ; *Smith* v. *Schanck*, 18 Barb. 346 ; *McHenry* v. *Moore*, 5 Cal. 90 ; *Gray* v. *Eaton*, 5 Id. 448.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an appeal from an order setting aside the report of a referee and granting a new trial.   The order was based upon the insufficiency of the evidence to justify the decision ; and as there was some conflict of testimony, we do not see upon what principle we could properly interfere.   There is no doubt that it was competent for the Court to grant a new trial on that ground ; and its legal discretion in that respect was not affected by the fact that the case was tried before a referee.   The provisions of the Practice Act relating to new trials are general in their terms, and vest in the Courts the same power, in cases tried by a referee, as in cases tried by the Court itself, or by a jury.   Every case is placed upon the same footing ; and the grounds upon which a new trial may be granted are the same in all cases, irrespective of the manner in which the case was originally tried.   The doctrine laid down in *Tyson* v. *Wells* (2 Cal. 122) is in direct repugnance to the statute, and cannot be maintained.

Order affirmed.