JOSEPH BAKER *vs.* ANSON G. STINCHFIELD.

An action on a negotiable promissory note, indorsed by the payee in blank, may be brought in the name of any person who consents thereto, although the note is the property of an insolvent bank in the hands of receivers.

If in the trial of an action the defendant offered evidence in support of an account by him filed in set-off, and the question of allowance or disallowance was submitted to and passed upon by the jury, he is precluded from again offering proof in support of the same account in another suit, although the jury may have decided in the former suit not to allow it.

WALTON J. This is an action of assumpsit on two promissory notes, and is before the law court on report. " If the action cannot be maintained in the name of the plaintiff," he is to be nonsuited ; " but if it can be maintained in the name of the plaintiff, and the defendant cannot prove his account in set-off on so much of the evidence as is legally admissible, the defendant is to be defaulted; but if he can go into evidence of his account in set-off, the action is to stand for trial."

The report is very brief, and the meaning not very clear. But we think there can be no, doubt that the plaintiff is entitled to judgment. The notes declared on, having been indorsed by the payees, became payable to bearer, and were transferable by delivery. The plaintiff has them in his possession, and is *prima facie* the owner of them. The evidence tends to show that he holds them for collection merely, and that the suit is being prosecuted for the benefit of the creditors of the American bank, " at the request and by the authority of the receivers " thereof. But this evidence, if true, constitutes no defense. It is now well settled, that an action on notes like these may be commenced in the name of any one who will consent to have his name thus used. We think, therefore, there is no force in the objection that the action cannot be maintained in the plaintiff's name. We think it can.

And we think the defendant cannot be allowed to prove his account in set-off. It is the identical account filed in set-off in an

action by the American Bank against him. This is evident when the two accounts are compared. One is a substantial copy of the other. The defendant offered to show that the items claimed in this account were not passed upon in the former suit; but we do not understand him to deny, that there was a trial in the former suit. Nor do we understand him to deny that he introduced evidence at that trial in support of his account, and that the case was submitted to a jury and a verdict returned. If we understand the report, what the defendant desired to do, was to show that in fact, the jury did not allow all of his account. This the law would not allow him to do. If he offered evidence in support of it, and the question of allowance or disallowance was submitted to the jury, and they acted upon it, he is precluded from again offering proof in support of the same account in another suit, although the jury may have decided not to allow it.                  . *Defendant defaulted.*

APPLETON, C. J.; CUTTING, DANFORTH, and TAPLEY, JJ., concurred.

*J. Baker, pro se.*

*A. G. Stinchfield, pro se.*