Bissell, J.
To this action for goods sold and delivered several defenses *165 were pleaded, but only one is material to this appeal. This plea is the defense of res adjudicata.
According to tbe complaint Lake had done work for McNicholas at his request in and about the construction of a smoke house, an outbuilding, and in the putting in and construction of certain fixtures in a business building in the city of Durango of the alleged value of $292.50. The sum was unpaid and this suit was brought to recover it. There were various pleas put in, but what we shall consider is the one based on a former adjudication. It appears that Lake and McNicholas entered into a contract on the 21st of March, 1892, which in general provided for the erection of a building on certain property in the city of Durango. The work was to be done for a specific price and under certain terms, conditions'and limitations which need not be stated. Lake entered on the performance and ultimately put up a building and turned it over to McNicholas. When the work was done there was some delay in the payment or some dispute between the parties about the performance. Lake thereupon filed a lien for some $800 or $900 to secure the unpaid portion of the price. He afterwards brought suit in the county court to enforce the lien and ultimately had judgment. The plea under present considerations concerns principally that litigation. According to the complaint filed in the other suit which went to judgment and from which there was no appeal whereby it remained in full force though since satisfied, the sum sought to be recovered included the items embraced in the present'action. During the progress of the trial of the other case the defendant objected to proof of the items on which the present suit was brought because they were unconnected with the contract and not performed under it. At least that would seem to be the basis of his contention, though whether we accurately state it or not is unimportant. The only fact to which we attach any importance is the circumstance that the complaint in the other suit was dismissed as to the items which are the basis of the present action, and that this was done on motion of the defendant McNicholas. *166 There was no adjudication thereon. It must be further noticed that in the first suit brought on the contract and for the enforcement of the lien, the defendant pleaded nonperformance and bad performance, and sought to recoup the damages which he had sustained by Lake’s failure to do the work according to contract.
On this state of facts the defendant pleaded the former adjudication. He relied on the theory as it has often been expressed in the books, that a judgment is conclusive between the parties not only as to all matters which have been determined but as to everything which the parties might have litigated if incidental or essential to the subject-matter of the former suit, whether in fact considered or left undetermined. This principle has been variously expressed and while we do not intend to state the rule in its full scope and bearing with unimpeachable accuracy our statement is sufficiently accurate to indicate the plaintiff’s contention.. The rule was approved and put in almost the language which we follow in our statement in Denver City Irrigation & Water Company v. Middaugh, 12 Colo. 434. The appellant has cited many other cases announcing the same general doctrine and thereon predicated his claim that since these items were embraced in the first suit the plaintiff is concluded though that action was dismissed as to these items and there was no judgment rendered thereon. This would be true if these items were within the principle stated and were incident to, or essentially connected with the subject-matter of the litigation. It only remains to be determined whether according to the record this is the fact, and whether there is any exception to the general doctrine respecting the necessity for the plaintiff to incorporate in one suit all the items on which an action may be maintained. The latter proposition is not true. We concede that wherever the items or the particulars form part and parcel of one cause of action they must all be sued for and all recovered in the same suit, otherwise the plaintiff will be barred. It is the privilege of the defendant to insist that there shall be no splitting up of actions and suits brought on the severed mem *167 bers as on independent causes. Notwithstanding this principle, it has been held that this right exists as a privilege, and it is quite as competent for the defendant to waive it as to insist upon it, as he may do with reference to a great many other pleas. This particular rule was expressed in a well considered case in Missouri. Gerhart v. Fout, 67 Mo. App. 423.
Under that decision, when Lake was compelled on the defendant’s motion to dismiss his complaint as to these items, it might be adjudged the defendant cannot plead res adjudieata.
We are not compelled to resort to this principle to conclude McNicholas. The rule was never applicable to distinct causes of action or distinct matters, any one of which would authorize independent relief if presented in independent suits, although they might be joined. The supreme court, perceiving the difficulty with the broad statement of the principle in the Middaugh case and its applicability to circumstances like the present, recognized this distinction and in common with the authorities in most states held that where the subject-matter litigated is a distinct and separate cause of action, and the record discloses the fact that it was not decided, the former findings and decree do not necessarily conclude the matter. Johnson v. Johnson, 20 Colo. 143. The decision is supported by many well considered cases. 2 Black on Judgments, § 744 ; Secor v. Sturgis, 16 N. Y. 548; Stark v. Starr, 94 U. S. 477; Hallack v. Gagnon, 4 Colo. App. 360; Epstein & Brother v. Ferst et al., 35 Fla. 498; Kopf v. Huckins, 11 Texas Civil App. 86; Bierer v. Fretz, 37 Kan. 27.
These authorities might be multiplied indefinitely because there is entire harmony among the courts on the question. Our attention has been called to no case holding otherwise where the facts justified the application of this doctrine. It therefore only remains to ascertain whether the present case comes within the principle of these adjudications. Concerning this there is in our mind no doubt or uncertainty. The-matter is wholly determined by the verdict of the jury. The court very wisely and very properly, there being some con *168 flict in tlie testimony, left the question whether these items or any of them were within the terms and purview of the written contract directly to the jury, under an instruction about which there could be no mistake. The jury were told that if they believed the items sued for, or any of them, were for work done or labor performed as extras or otherwise under the written contract for the construction of the building, and not pursuant to any subsequent employment or request, they could not find for the'plaintiff for such item or items thus found, but in respect to them their verdict must be for the defendant. There was a sharply defined issue whether this work was done under the original written agreement for the erection of the building, or whether after it was completed under a subsequent verbal request, the plaintiff did the work and the defendant agreed to pay for it. The plaintiff testified that the building had been finished and turned over, and that afterwards the defendant asked him to do these particular things which were of the value stated, for which the defendant agreed to pay. This the defendant denied and insisted the work was done as extras under the contract, thus attempting to bring the case within the purview of the law for which he here contends, thereby concluding the plaintiff by his original suit and recovery. Under the instruction tins question of fact was left to the jury and by their verdict they determined the fact, which concludes the appellant” and on which we rely, that the items for which the plaintiff sued were performed under a subsequent parol contract, and not under the original written agreement, and therefore constituted a distinct and independent cause of action for which this suit might be maintained and as to which a plea of former adjudication is unavailing.
With respect to the other matter, to wit, the character of the plaintiff’s'performance, the former judgment is conclusive, and the present plea of the defendant that his work was unskillfully done is unavailing. We are not called on to determine whether in a suit for the value of services performed under a written contract when there is an allegation of per *169 formance and nonpayment, the question of the character of the performance is of necessity involved. Some writers thus hold under particular facts and as to certain contracts; others that the question is not involved in a suit brought on contracts of a different character. .We need not enter this wide field of discussion because the character of Lake’s performance of the original contract, which is'the subject-matter of the third and fourth defenses, was in fact set up in the original action and of necessity thereby determined. The present record shows that the answer in the other case contained denials and special defenses, and one of them was the same as the fourth, defense, which is that the plaintiff carelessly, negligently and in an unworkmanlike manner did part of his work, and by reason of such unskilful performance the defendant had been damaged. Manifestly this defense was directly presented in the former case and necessarily adjudicated. The judgment standing unreversed and unappealed from is conclusive between the parties. Blair v. Bartlett, 75 N. Y. 150; Dunham v. Bower, 77 N. Y. 76; Goble v. Dillon et al., 86 Ind 327.
As we view the record these are the only two important questions which are presented by counsel. There are some minor and technical matters suggested in the arguments respecting the admission of testimony, but we do not deem it necessary to extend the opinion to consider or discuss them. Some of them were disposed of by the ultimate admission of the testimony in the further examination of the witnesses, and all of them come within the rule which we have so often expressed that where it is apparent from the record that substantial justice has been done between the parties, the judgment may not be reversed for immaterial errors which do not affect substantial rights. We are satisfied the case was properly tried and fairly presented to the jury, the verdict is right, the judgment just, and it will therefore be affirmed.

Affirmed.

Wilson, J., not sitting.