[L. A. No. 1233.    Department One.—July 9, 1904.]

## WILLIAM A. LAMB, Respondent, v. G. H. WAHLEN-MAIER et al., Appellants.

BUILDING CONTRACT—ACTION ON BOND—FORMER JUDGMENT—RES JUDICATA.—In an action by the owner on the bond of a contractor for the construction of a building, the contract for which was void for want of record, to recover an amount paid by the owner to discharge liens, after the contractor had abandoned the contract, a judgment for costs in favor of the owner in a former action by the contractor to recover the reasonable value of his labor and materials, in which the owner set up such abandonment, and a payment made to the contractor and the amount paid in discharge of the liens, and prayed judgment for the sum paid in excess of the contract price, although the judgment rendered is erroneous, is *res judicata* as to the subject-matter, and is a defense to the action.

ID.—EXTENT OF ESTOPPEL OF JUDGMENT—RELATIVE POSITION OF PARTIES —PRIVITY—ISSUES RAISED BY DEFENDANT.—The estoppel of a former judgment of a court of competent jurisdiction, upon the same matter directly in question in another court, is not limited to an action identical in form, or where the same parties are plaintiff and defendant, but may be invoked by parties in privity with them. The determination in the former action of an issue presented by the defendant by way of counterclaim, recoupment, or cross-complaint is *res judicata* as fully as if determined in a separate action by the defendant against the plaintiff.

ID.—ERRONEOUS OMISSION OF AFFIRMATIVE RELIEF—FAILURE TO APPEAL —FINALITY OF JUDGMENT.—The omission to give affirmative relief prayed for by the defendant in the former action, even though erroneous, is in legal effect a denial of such relief; and where the defendant failed to appeal therefrom the judgment became a final determination of the respective rights of the parties upon the same subject-matter.

ID. — PRINCIPAL AND SURETY — ESTOPPEL OF PRINCIPAL AVAILABLE TO SURETY.—Where the principal is discharged from liability, the surety is also discharged therefrom; and where the plaintiff is precluded, as the result of his own action in a former suit by the judgment rendered therein, from claiming any liability against the principal, he cannot be allowed to recover from the surety on his bond.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion.

Herbert J. Gondge, and J. C. Brown, for Appellants.

T. W. Brotherton, and Frank W. Burnett, for Respondent.

HARRISON, C.—The plaintiff entered into a contract with the defendant Wahlenmaier for the construction of a building in Los Angeles at the agreed price of $6,277, and at the same time Wahlenmaier and his co-defendant, the Fidelity and Deposit Company, of Maryland, as his surety, executed a bond to the plaintiff for the faithful performance by him of his contract. The bond provided that Wahlenmaier should also cancel and release the building from all claims or liens that might accrue against it from the performance of the contract, and should save the plaintiff herein harmless from all damage thereby. Wahlenmaier abandoned work upon the building before it was completed, and thereafter the plaintiff finished its construction. The plaintiff paid to Wahlenmaier $2,577 before he abandoned the work, and afterwards paid $4,360 in discharge of liens for materials and labor furnished and employed in its construction at the request of Wahlenmaier. The present action is brought upon the above-named bond to recover the amount paid by the plaintiff in discharge of liens in excess of the contract price for constructing the building.

The contract for the construction of the building was not filed in the recorder's office. Prior to the commencement of this action, but after the building had been completed, Wahlenmaier brought an action against the plaintiff to recover from him the reasonable value of the labor performed and materials furnished by him in its construction, alleging the same to be $8,448. In his answer to the complaint in that action the plaintiff herein alleged that Wahlenmaier had contracted with him to construct the building for the sum of $6,277; that the labor and materials furnished by him in its construction were under and by virtue of said contract; and that the said sum was the reasonable value of the labor and materials furnished by him. He also set forth in his answer

the abandonment by Wahlenmaier of his contract, and alleged that prior to such abandonment he had paid him the sum of $2,577, and that in order to protect his property from mechanics' liens and foreclosure for materials and labor, and to complete the building, he had paid, and was compelled to pay, materialmen and laborers $4,360; that by reason of such payments there was due and unpaid from Wahlenmaier to him the full sum of $1,236.69, "said sum being in excess of the contract price and the reasonable value of said labor and materials," for which amount he asked judgment against Wahlenmaier. Upon the trial of that action the court held that the contract for constructing the building was void by reason of the failure of the parties to sign the plans and specifications annexed thereto; that for this reason Wahlenmaier was entitled to recover the expenditures made by him in its construction and the reasonable value of his services therein, and found that the same amounted to $2,767.95; that the plaintiff herein had paid to and for him the sum of $2,925, and had also paid the sum of $4,360 in discharge of valid and subsisting liens filed against the building; that Wahlenmaier had thereby been fully paid for the construction of the building. The court thereupon rendered judgment that Wahlenmaier take nothing by his action, and that Lamb, the plaintiff herein, recover his costs from him, but did not render any judgment in favor of Lamb upon his claim to recover from Wahlenmaier the amount paid for the discharge of the liens in excess of the contract price.

The defendants herein have pleaded the judgment in that action in bar of the plaintiff's right of recovery. The superior court held that it was a bar in favor of Wahlenmaier, but not in favor of the surety company, and rendered judgment against the latter and in favor of the plaintiff for $691. The surety company has appealed.

The rule formulated by Lord Chief Justice De Grey in the Duchess of Kingston's case, and frequently repeated in other cases, that "The judgment of a court of concurrent jurisdiction directly upon a point is, as a plea, a bar, or as evidence conclusive between the same parties upon the same matter directly in question in another court," has been substantially reproduced in section 1908 (subd. 2) of the Code of Civil Procedure of this state. The estoppel thus created is not

limited to an action which is identical in form with the former action, or where the same parties are plaintiff and defendant in each of the actions, but may be invoked whenever, in the second action, the parties are in privity with the parties to the first action and the same issue is presented for determination which was determined in the former action. As between the parties to the action, the judgment therein is an estoppel as to all matters which are actually and necessarily included in the judgment. (Code Civ. Proc., sec. 1911.) The determination in the former action of an issue presented on the part of the defendant therein by way of counterclaim, or in recoupment, or by way of a cross-complaint against the plaintiff, is *res judicata,* as fully as if determined in a separate and independent action brought by the defendant against the plaintiff. (Freeman on Judgments, sec. 282; Black on Judgments, sec. 761; Taylor on Evidence, 9th ed., sec. 1699; *Timmons v. Dunn,* 4 Ohio St. 680; *Howell v. Goodrich,* 69 Ill. 536; *Litch v. Clinch,* 136 Ill. 410; *McNicholas v. Lake,* 13 Colo. App. 164; *Ehle v. Bingham,* 7 Barb. 494; *Baker v. Stinchfield,* 57 Me. 363; *South and North etc. R. R. Co. v. Heinlein,* 56 Ala. 368; *Jennison v. West Springfield,* 13 Gray, 544.)

The liens, for whose payment in excess of the contract price for constructing the building the plaintiff now seeks to recover from the defendants, are the same liens which were set forth by him in the former action in support of his claim against Wahlenmaier. In that action he presented to the court, as an issue to be tried and determined, his right to recover from Wahlenmaier the amount of money paid by him upon these liens in excess of the contract price for constructing the building, and asked for a judgment therefor against Wahlenmaier. His right to recover this excess was thus brought into judicial investigation, and at the trial evidence was presented by him to the court in support of his demand, and the court found that he had paid the liens to the extent claimed by him, but refused to give him judgment therefor upon the ground that, as the contract was invalid, Wahlenmaier was entitled to the entire value of the labor and materials used in the construction of the building, irrespective of the price named in the contract. The omission of the court to give him any relief for the payment of this excess was, in its legal effect, an adjudication that he was not entitled to

relief therefor. (*Thompson* v. *McKay,* 41 Cal. 221.) The court erred in giving this judgment (*Laidlaw* v. *Marye,* 133 Cal. 170), but the plaintiff did not appeal therefrom and the judgment became a final determination of the respective rights of himself and Wahlenmaier upon this issue, and available to Wahlenmaier as a defense to any subsequent action by the plaintiff for a recovery of the excess of the liens so paid by him.

The judgment is none the less a bar for the reason that it was erroneous. "In passing upon the plea of *res judicata,* the question is not whether a court decided the point involved right or wrong, but the question is, Did the court decide the point and is the decision final?" (*Chouteau* v. *Gibson,* 76 Mo. 38.) By failing to appeal and seek a correction of the error through a reversal of the judgment, it is as conclusive upon the plaintiff as if at the trial he had omitted to present sufficient evidence to the court in support of his demand. (*Collins* v. *Bennett,* 46 N. Y. 490; *Davis* v. *Tallcot,* 12 N. Y. 184; *Caldwell* v. *White,* 77 Mo. 471; Herman on Estoppel, sec. 268; Freeman on Judgments, sec. 249.)

It must be held, therefore, that by reason of the judgment in the former action of Wahlenmaier against the plaintiff, the latter is estopped from enforcing any obligation to him on the part of Wahlenmaier, arising out of the payment of the liens against the building in excess of the contract price.

The plaintiff's right to recover from the appellant is solely by virtue of its having become the surety for Wahlenmaier for such payment, and it is a familiar principle of suretyship that any act of the creditor, by which the principal is discharged from liability, will also discharge the surety. The surety has an immediate right of action against the principal for reimbursement of any payment enforced against him by the creditor; but if, by the act of the creditor, he will be unable to proceed against the principal, he is for that reason discharged from liability to the creditor. It is upon this principle that the surety is discharged, if, without his consent, the creditor gives to the principal an extension for the time of performance, or surrenders to him securities which he holds for the obligation, or releases him from his obligation. The reason which underlies this rule is the obligation of fidelity, the *uberrima fides* which the creditor is under to the surety,

and includes every act of his by which the right of the surety to have recourse against the principal may be impaired. If by any act of his the principal is released from the obligation for which the bond was given, the surety is thereby exonerated from his obligation. Section 2840 of the Civil Code declares: "A surety is exonerated . . . 2. To the extent to which he is prejudiced by any act of the creditor which would naturally prove injurious to the remedies of the surety or inconsistent with his rights, or which lessens his security." In *Trotter* v. *Strong,* 63 Ill. 272, the creditor agreed with the principal debtor that, upon consideration of his payment of a portion of the obligation, he would not collect any further portion thereof. The court held that as thereby the debt against the principal was discharged, the surety was also discharged, saying: "If he were held liable, he could not recover over against the principal, because he is discharged from the debt, and owes the creditor nothing, and the surety could not recover for money paid for the use of the principal, as he owes nothing, and when the surety makes the payment it cannot be for the use of the principal debtor. To enforce payment from the surety under such circumstances would be to deprive him of his legal right to be reimbursed for the money thus paid. It would change the relations of principal and surety, deprive the latter of a legal right, and would operate unjustly." In *State* v. *Parker,* 72 Ala. 181, the tax-collector had given two official bonds with different sureties upon the respective bonds. Suits were instituted separately upon each bond, the breaches assigned being identical in each suit. Upon the trial of the first suit judgment was rendered in favor of the tax-collector and his sureties upon that bond. Upon the trial of the suit upon the other bond it was held that as this judgment was a bar to any recovery against the tax-collector, it was also a bar to any recovery against his sureties upon the second bond. The same rule is declared in *Brown* v. *Ayer,* 24 Ga. 288; *Brown* v. *Bradford,* 30 Ga. 927; *Gill* v. *Morris,* 11 Heisk. 614;[1] *Dickason* v. *Bell,* 13 La. Ann. 249.

The judgment by virtue of which Wahlenmaier was exonerated from any obligation to the plaintiff was the direct result of the course of action taken by the plaintiff in that suit. The plaintiff therefore being, as the result of his own act,

[2] 27 Am. Rep. 744.

precluded from resorting to Wahlenmaier, it would be in disregard of all principles of suretyship to allow him to recover from his surety. (See *Couch* v. *Warring,* 9 Conn. 261.) It must be held, therefore, that, by reason of this judgment, the appellant was discharged from all liability upon the bond.

We advise that the judgment and order denying a new trial be reversed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.

Angellotti, J., Shaw, J., Van Dyke, J.