[Civ. No. 4911. First Appellate District, Division Two.—November 29, 1926.]

In the Matter of the Application of C. V. RICCARDI for Reinstatement as a Member of the Bar of the State of California.

[1] FINDINGS — REFEREE — INSUFFICIENCY OF EVIDENCE — METHOD OF ATTACK—NEW TRIAL.—A party may not attack a finding of the court merely by filing an exception to it when the attack is based on the ground that the finding is not supported by the evidence, but the proper manner in which to make the attack is on a motion for a new trial, and as the power to attack a finding made by a referee is as broad and no broader than the power to attack a finding made by the court, the same rule obtains in reference to the referee's finding, and a party desiring to make the attack on the ground that the finding is not supported by the evidence may do so by motion for a new trial and not otherwise.

[2] ATTORNEY AT LAW — DISBARMENT — APPLICATION FOR REINSTATEMENT—REFERENCE—FINDINGS OF REFEREE—MOTION TO AMEND—ADDITIONAL PROBATIVE MATTERS.—On a motion by a disbarred attorney to amend the findings of a referee made in a proceeding for his reinstatement, his attack on certain findings by way of a request for a finding on additional probative matters cannot be sustained.

[3] ID.—REQUEST TO STRIKE OUT FINDINGS—INSUFFICIENCY OF EVIDENCE—RECORD—NEW TRIAL.—On such a motion, the request of the disbarred attorney to strike out certain findings of the referee on the ground that there was no evidence to support the findings will not be granted, where the fact of the insufficiency of the evidence does not appear on the face of the findings and the relief sought may be had only by a motion for a new trial.

[4] ID.—HEARSAY—RECORD—NEW TRIAL.—On such a motion, an attack on several findings made on the ground that they are supported by hearsay only cannot be upheld on the record before the court nor except as on a motion for a new trial.

[5] ID. — REFORMATION OF ATTORNEY — PROPOSED FINDING — ISSUES — PLEADING.—On such a motion, the request of the disbarred attorney that there be added to a finding that since his disbarment he has "reformed and has shown a spirit of repentance and has conducted himself throughout in an honorable and upright manner" may not be granted, where the proposed addition would not be in response to any issue presented by any pleading on file.

[6] ID.—EVENTS PRECEDING DISBARMENT—FINDINGS.—On such a motion, the request of the disbarred attorney that several findings reciting certain events that occurred before the date when he was disbarred be stricken out is denied.

(1) 34 Cyc., p. 828, n. 43.   (2) 6 C. J., p. 616, n. 94 New.   (3) 6 C. J., p. 616, n. 94 New.   (4) 6 C. J., p. 616, n. 94 New.   (5) 6 C. J., p. 616, n. 94 New.   (6) 6 C. J., p. 616, n. 94 New.

MOTION by disbarred attorney to amend referee's findings in the proceedings for reinstatement as attorney at law, and also motion for acceptance of findings. Motion to amend denied; motion to accept granted.

The facts are stated in the opinion of the court.

Charles F. Hanlon for Petitioner.

A. P. Black, F. Eldred Boland and Reginald L. Vaughan for Respondent Bar Association of San Francisco.

STURTEVANT, J.—Heretofore the petitioner filed in this court his application to be restored to the rolls as an attorney and counselor. Later he filed an amended petition and an amendment to that petition. In his petition the petitioner alleged:

"That on January 22nd, 1912, he was by an order of the above entitled Court, duly given and made, admitted to the bar as an attorney and counsellor, in all of the Courts of the State of California, and on the same day subscribed the roll as such."

The petitioner also alleged that on May, 1919, he was indicted for embezzling one thousand dollars, the property of a client; that he was convicted on that charge; that he appealed and December 16, 1920, the judgment was affirmed (*People.* v. *Riccardi,* 50 Cal. App. 427 [195 Pac. 448]); and that a hearing was denied by the supreme court February 14, 1921. He also alleged facts to the effect that he was wholly innocent of the crime charged and that on December 23, 1922, the then Governor of this state issued to him a complete pardon.

" . . . That on March 7th, 1921, in the Supreme Court of the State, *In re Riccardi* (this petitioner), Criminal No. 2302,

an Order was entered in the minutes of the said Supreme
Court, reading as follows: 'The above entitled matter coming
on pursuant to the order to show cause heretofore made on
February 15th, 1921, and it appearing that the accused
stands finally convicted of a felony involving moral turpi-
tude, as stated in said order to show cause, It is ordered
that the name of the accused be stricken from the roll of
attorneys and counsellors of this Court, and that he be pre-
cluded from practicing as such attorney or counsellor in all
the courts of this State.'

"Petitioner alleges that since . . . March 7th, 1921, when
the Supreme Court made the foregoing Order, . . . this pe-
titioner did not practice, nor attempt to practice Law, . . .

" . . . Petitioner further states that during the number
of years that he has ceased to practice Law on account of the
aforesaid disbarment against him, his life has been above
reproach and he has conducted himself as an honorable man;
has been truthful in his statements and assertions with re-
garding business and capital, profits, etc.; has given to every
man all the money coming to him to the last dollar—has
not taken advantage of any man, or his ignorance or infirmi-
ties in any way, and has obtained the respect and confidence
of every man, high and low, rich and poor, with whom he
has come in contact during said time . . .

" . . . Your Petitioner further alleges that he is a man of
good moral character and possesses the necessary qualifica-
tions of learning and ability to act as an Attorney and
Counsellor in all the Courts in this State and is still a resi-
dent of said State and a citizen of the United States."

The Bar Association filed an answer containing no denials,
but alleging:

"Alleges that on or about the 22nd January, 1912, peti-
tioner was, by order of this Honorable Court, admitted as an
attorney and counsellor at law in all the courts of this State.
Said order was made upon the representation by petitioner
that he was of good moral character. The Bar Association
of San Francisco alleges that at said time petitioner was not
and is not now of good moral character, and in this respect
alleges, upon information and belief, as follows: 1. In the
year 1921 the Bar Association of San Francisco brought
proceedings in the Supreme Court of the State of California
for the disbarment of John J. Sullivan then Judge of the

Police Court of said City and County of San Francisco, State of California. (*In re Bar Association of San Francisco*, 185 Cal. 621 [198 Pac. 7].) In those proceedings petitioner either committed perjury in his testimony or, if his testimony were true he was guilty of bribery of a public official. In either event, he demonstrates himself to be not of good moral character." (Then follow sixteen specifications of alleged wrongful acts occurring between 1912 and 1921, inclusive.)

In the pleading of the petitioner numerous good acts, probative matter, are alleged in addition to the matter quoted above. In the pleading of the Bar Association the allegation of the other sixteen alleged wrongful acts are not direct averments, but the allegations are that he was accused before a bar association, or before a committing magistrate, or by a grand jury, with having done so and so.

It thus appears that the petitioner alleges: (1) He is of good moral character; he alleges (2) the probative factors thereof, to wit, that he is honorable, truthful, just, upright, and trustworthy; and then he alleges (3) many specific acts or instances claimed to support each factor mentioned in division 2. The ultimate fact was alleged as in division 1—all else was redundant matter.

Thereafter this court ordered a reference upon the agreement of the parties filed with the clerk directing the referee, Honorable J. J. Trabucco, "to hear all the testimony and take the evidence in this proceeding, to make findings of fact therein, and to report the same to this court." A hearing was had before the referee and later he filed with the clerk of this court findings of fact and conclusions of law, and at the same time he filed a reporter's transcript consisting of 513 pages, and a month later he filed an additional volume of the transcript, making the entire transcript to consist of 626 pages.

On the eleventh day of August, 1926, the petitioner served and filed in this court a notice of motion to have this court amend said findings, to add or substitute other findings, and to take such further testimony as may be proper to make such findings and change the conclusion of law in favor of petitioner and against the contentions of the Bar Association.

On the twenty-sixth day of August, 1926, being the return day stated in the notice of motion to amend the findings, etc., the petitioner did, in pursuance of said notice, make his motion as he had stated he would. On the same day, and as part of the same hearing, the Bar Association made a counter motion to the effect that the findings of the referee be accepted and that judgment be entered against the petitioner.

Before proceeding to take up the merits of the motion it is first necessary to note what papers and documents may be examined by this court for the purpose of determining the motion. In the case of *Tyson* v. *Wells*, 2 Cal. 122, 130, the court said: "The parties agreed in writing to submit the matter in dispute between them to certain arbitrators, and this agreement was filed among the papers of the case in the court below. In addition, an order of court was granted, by the consent of the parties, referring the suit to the same persons selected by their agreement. Now, whether we view the case as an arbitration at common law, or a reference under the statute, in either case the decision must be the same; because we hold that the statute is in aid of the common-law remedy by arbitration, and in no respect alters its principles.

"In the case of *Muldrow* v. *Norris*, 2 Cal. 74 [56 Am. Dec. 313], we held that under our system of practice, the court might 'set aside awards for fraud, mistake, or accident; and it makes no difference whether the mistake be one of fact or law.' But we further decided, 'In the case of a general finding, it appears to be well settled that courts will not inquire into mistakes by evidence *aliunde*.' And from the whole tenor of the opinion in that case, it may be regarded as the settled rule, that the court will not disturb the award of an arbitrator, or report of a referee, unless the error which is complained of, whether it be of law or fact, appears on the face of the award. And in the case of the report of a referee, our statute does not alter or interfere with this rule."

Then in the case of *Headley* v. *Reed*, 2 Cal. 322, at page 325, the court said: "We decided in *Tyson* v. *Wells and Skinner*, *ante*, p. 122, that the report of a referee under the statute had the same legal effect as the award of an arbitrator.

"It therefore follows that the referee in this suit had no right to bring in and file an additional or amended report; and the case must be reviewed with reference to the original report alone.

"By that report it does not appear that exceptions of any validity were taken before the referee, but the report was not made immediately after the close of the testimony, and consequently by the 191st section of the Practice Act, it is deemed as excepted to.

"According to the rule settled in *Muldrow* v. *Norris,* the decision of the referee can only be set aside on account of fraud or gross error of law or fact apparent upon its face.

" . . . Upon the report of a referee under the statute, if it contain sufficient on which to base a judgment, it is the duty of the court below to enter judgment in accordance with the report, as far as it concerns the matters referred, and it has no right to entertain any objections whatever. After the rendition of the judgment, the court may award a new trial, and set aside the report for any of the reasons which would impel a court of competent jurisdiction to set aside the award of an arbitrator and for no other."

Later, in the case of *Cappe* v. *Brizzolara,* 19 Cal. 607, the court adverted to some of the other propositions discussed in *Tyson* v. *Wells,* and repudiated the doctrine. However, as to the passages quoted above, the same were approved by the court on page 608 in the following language: "This is an appeal from an order setting aside the report of a referee and granting a new trial. The order was based upon the insufficiency of the evidence to justify the decision; and as there was some conflict of testimony, we do not see upon what principle we could properly interfere. There is no doubt that it was competent for the court to grant a new trial on that ground; and its legal discretion in that respect was not affected by the fact that the case was tried before a referee. The provisions of the Practice Act relating to new trials are general in their terms, and vest in the courts the same power, in cases tried by a referee, as in cases tried by the court itself, or by a jury. Every case is placed upon the same footing; and the grounds upon which a new trial may be granted are the same in all cases, irrespective of the manner in which the case was originally tried."

The foregoing cases were based on the provisions contained in the Practice Act. (Stats. 1851, pp. 51, 79, 80.) But the provisions contained in the Practice Act have been codified and are set forth in the Code of Civil Procedure, sections 638–645. No change in the wording, material to the questions before us, has been made. The statute authorizes a reference to try "any or all of the issues," and the expression "the whole issue" is used in the statute as synonymous with the expression "all of the issues." Section 644 provides: "The finding of the referee or commissioner upon the whole issue must stand as the finding of the court, and upon filing of the finding with the clerk of the court, judgment may be entered thereon in the same manner as if the action had been tried by the court."

Section 645 provides: "The findings of the referee or commissioner may be excepted to and reviewed in like manner as if made by the court. When the reference is to report the facts, the finding reported has the effect of a special verdict." On first reading the language of the first sentence of that section is not altogether clear. However, its history throws full light on the meaning. Turning to page 843, Statutes of 1865–66, it will be found that the legislature enacted several sections regulating the practice in civil cases. In section 180, as there enacted, it is provided that the findings of the court may be excepted to and reviewed. In section 187, as there enacted, it is provided that the findings of a referee or commissioner may be excepted to and reviewed "in like manner as if made by the court." In the case of *Cowing* v. *Rogers*, 34 Cal. 648, Mr. Justice Rhodes, speaking for the court, at page 652, said: "In his motion for a new trial the plaintiff has not specified wherein the evidence was insufficient to justify or support the findings. After the findings were filed he filed his objections thereto, in which he specified several of the findings as unsupported by the evidence. This is not the office of exceptions to the findings, under the Act of 1861 or of the amendment of 1865–66 to section one hundred and eighty of the Practice Act. A party, according to these provisions, may object for the want of findings, or on the ground that there is no finding as to a particular fact in issue, and if the defect is not remedied, may take his exception.

But when he thinks any finding is contrary to or unsupported by the evidence, he must make that a ground of his motion for a new trial. He cannot avail himself of the alleged error in any other manner. This has been so often repeated that a citation of authorities is useless.'' (Hayne on New Trial and Appeal, sec. 247.)  [1] It is patent that a party may not attack a finding of the court merely by filing an exception to it when the attack is based on the ground that the finding is not supported by the evidence; but that the proper manner in which to make that attack is on a motion for a new trial. As the power to attack a finding made by a referee is as broad and no broader than the power to attack a finding made by the court, it is clear that the same rule obtains and that a party desiring to make the attack on the ground that the finding is not supported by the evidence may do so by a motion for a new trial and not otherwise.

Assuming for the purposes of this opinion that the phrasing of his motion is sufficient to bring him within the purview of the statute, we will now take up the attacks made by the petitioner.

[2] Attacking findings III, IX, X (a), XI, XIII (d), XV (a), and XV (b), the petitioner suggests new matter and asks that it be added to each of said findings. The vice of the attack rests in the improper form of all the pleadings. The petitioner and the respondent pleaded many probative facts. The referee was induced to make findings thereon. Each attack under this heading is a request for a finding on additional probative matters.

[3] Attacking findings X (a), X (b), and XVI, the petitioner asks to strike out each of said findings on the ground that there was no evidence to support the finding. If there was no evidence to support any one of said findings it is enough to state that such fact does not appear on the face of the findings and that the relief sought may be had only by a motion for a new trial.

[4] As to several findings the petitioner makes an attack claiming that the finding is supported by hearsay only. For the reason stated in the preceding paragraph we may not sustain the attack on the record which is before us nor except as on a motion for a new trial.

[5] He attacks finding number XVI in three ways. All are of the same import. He suggests that we add to that finding the following: "That since his disbarment said petitioner, C. V. Riccardi, has reformed and has shown a spirit of repentance and has conducted himself throughout in an honorable and upright manner." That request may not be granted for the reason that the proposed finding would not be in response to any issue presented by any pleading on file. The pleadings are absolutely silent on the subject.

[6] As to several findings the petitioner asks that the same be stricken out. The findings so complained of recite certain events that occurred before the date when he was disbarred. The petitioner contends that as such incidents were not brought to the attention of the court in the disbarment proceeding, they may not be considered at this time. The same contention was made to this court when the pleadings were being settled. At that time the court ruled against the petitioner. At this time, having heard further arguments of counsel on the subject, the court is not at all inclined to change its ruling.

As no legal objection appears in the face of the findings of the referee, the motion of the petitioner is denied and the motion of the Bar Association is granted. It is further ordered that the Bar Association have judgment for its costs.

Nourse, J., and Langdon, P. J., concurred.