[Sac. No. 3886.   In Bank.—September 4, 1928.]

J. A. LEWIS, Respondent, v. A  W. GRUNBERG et al., Copartners, etc., Appellants.

J. Oscar Goldstein for Appellants.

Bond & Deirup for Respondent.

THE COURT.—The petition of respondent for a hearing by this court after decision by the district court of appeal in and for the third appellate district, reversing the judgment of the trial court with directions, was granted and this court has considered the points and authorities presented by petitioner in support of his position and has reached the conclusion arrived at by the said district court of appeal, Burroughs, J., *pro tem.*, writing the opinion, which opinion is hereby adopted as and for the opinion of this court, as follows:

"January 10, 1922, plaintiff and defendants entered into a written contract whereby the plaintiff agreed to sell and defendants agreed to buy a stock of merchandise. February 1, 1922, the parties entered into a supplemental contract concerning the same subject matter. A dispute having arisen between the parties as to the proper construction to be given the contracts as to the price to be paid for the merchandise, and being unable to reach an adjustment of the controversy, this action was commenced by the plaintiff to recover the sum of $5,265.40, together with interest thereon at the rate of seven per cent per annum from the fifteenth day of February, 1922, being the amount claimed by the plaintiff as due under the terms of said contract.

"Defendants admit by their answer that there is due the plaintiff the sum of $3,814.23, and no more.

"By its judgment the court awarded the plaintiff the sum of $4,857.74, together with interest thereon at the rate of seven per cent per annum from April 1, 1922, and from the judgment so entered the defendants appeal.

"The appeal is upon the judgment roll alone. As a part of the judgment roll there appears a report and findings of fact by a referee, which, among other matters, recites: 'Pursuant to order of reference duly made and filed in the above-entitled action wherein the undersigned, L. G. Faulkner, Esq., was duly appointed referee with direction to find upon matters of both law and fact, and after hearings duly held under and by authority of said reference at the City of Chico, County of Butte, State of California, before said referee and all matters and things having been presented in due form and according to law by Bond and Deirup,

Esqs., attorneys for plaintiff, and by J. Oscar Goldstein, Esq., attorney for defendants, and all witnesses having been called were duly sworn and testified. Now, therefore, the evidence submitted to your referee having been duly considered by him, the said referee begs leave to submit his report as follows: Findings of Law and Facts upon trial of the issues involved.'

"While the said findings and conclusions of law therefrom are inartistically drawn, still they respond to the issues raised by the pleadings and the referee recommends a judgment in favor of the plaintiff and against the defendants in the sum of $3,439.76, with interest thereon at the rate of seven per cent per annum from the 15th day of February, 1922, together with their costs of suit.

"June 30, 1922, the court filed its findings and conclusions of law in this cause, in which it finds that the defendants are indebted to plaintiffs in the sum of $4,857.74, with interest thereon at the rate of seven per cent per annum from April 1, 1922, and for his costs of suit.

"Judgment was accordingly entered by the clerk on July 6, 1922, in favor of the plaintiff for said last mentioned amount. In its findings the court recites: 'The above entitled action came on regularly for hearing before the above entitled court sitting without a jury, a jury having been waived by the respective parties hereto. Plaintiff was represented by Messrs. Bond & Deirup, his attorneys, and defendants by J. Oscar Goldstein, Esq., their attorney. The cause was heard upon the amended complaint, as amended, and the answer thereto, as amended, and upon the report of L. G. Faulkner, Esq., the referee heretofore appointed herein, the exceptions filed by the plaintiff and the motion of the defendants to confirm the report, which motion was based and made upon the said report and upon all the files, records, pleadings, proceedings, exhibits and all other matters pertaining to this cause, and the matter having been argued and submitted to the court for consideration and decision, and the court being fully advised in the premises, now finds':

"The appellants complain that the order of reference having been that the referee find upon questions of both law and fact, and the referee having done so, the court was without authority to set aside the findings of said referee and substitute its own therefore. In other words, it is their con-

tention that the findings and conclusions of the referee have the same force and effect as though made by the court and judgment should have been entered in accordance therewith.

"Respondent contends that there is nothing legally before this court from which it may determine the character of the order of reference and that it must be presumed in the absence of an affirmative showing of error that the court acted within its authority and that the said order of reference was special and not general in its nature.

"There appears in the clerk's transcript a stipulation signed by all the attorneys that the cause be ordered to a referee 'to try all of the issues in the above entitled action, whether of fact or of law, and to report a finding and judgment thereon.'

"In pursuance of said stipulation there appears in said transcript, an order signed by the judge of the court appointing L. G. Faulkner, Esq., a referee 'to try all of the issues in this action, whether of fact or of law, and to report a finding and judgment thereon.'

"As neither the stipulation nor the order are embodied in a bill of exceptions as provided by section 650, Code of Civil Procedure, nor in a transcript as provided by section 953a of said code, this court cannot consider either such stipulation or order (*Totten* v. *Barlow,* 165 Cal. 378 [132 Pac. 749]; *Richmond* v. *Julian Con. Min. Co.,* 176 Cal. 600 [169 Pac. 356]), and unless it may be properly inferred by the court from the recitals in the findings of the referee and those of the court that the reference was general in its character, it must be presumed that it was a special reference for the benefit of the court. (Secs. 638 to 645, inclusive, Code Civ. Proc.; *Tyson* v. *Wells,* 2 Cal. 122; *Faulkner* v. *Hendy,* 103 Cal. 15 [36 Pac. 1021].)

"The referee recites as a part of his findings that he was appointed to find upon both questions of law and fact. The court in its findings recites the proceedings had before it, the various documents presented and considered, and it is clear therefrom that there was no trial held by the court and no evidence taken by it, and also that the court did not have before it the evidence submitted to the referee. The court finds as a fact that the wholesale price of certain merchandise that had been damaged by fire, and concerning

which there was a dispute between the parties, was the sum of $2,126.74, being the amount which the referee fixes by his findings as the wholesale price of said merchandise, but the referee finds that the actual value of said merchandise was the sum of $708.98, the latter amount being found by the court to be erroneous. With this exception the court adopted the findings of the referee and ordered a judgment for an amount in excess of that found due by the referee.

"We are satisfied from the foregoing recitals contained in the findings of the referee and also from the recitals in the findings of the court, that the order of reference was general in its nature and under the provisions of section 644 of the Code of Civil Procedure, 'the findings of the referee or commissioner upon the whole issue must stand as the findings of the court, and upon filing of the findings with the clerk of the court, judgment may be entered thereon in the same manner as if the action had been tried by the court.' This holding is supported by the following authorities: *In re Riccardi*, 80 Cal. App. 66 [251 Pac. 650], *Weavering* v. *Schneider*, 52 Cal. App. 182 [198 Pac. 418], and *Clark* v. *Millsap*, 197 Cal. 765 [242 Pac. 918]. In these cases, the distinction is pointed out between findings by a referee where the reference is general or special, and holding the findings conclusive where the reference is general, as in the case at bar.

"Upon the filing of the findings of the referee in this cause, judgment should have been entered thereon in accordance with the findings, and for any error committed by the referee, the remedy of the aggrieved party was by motion for a new trial, or other appropriate proceeding. (*Faulkner* v. *Hendy, supra.*)

"Having reached the foregoing conclusion, it becomes unnecessary to consider any other questions presented by counsel for either party."

The judgment, therefore, should be reduced in the sum of $1,417.98, and the interest should run from February 15, 1922, as found by the referee. The judgment is modified, accordingly, to read as follows:

"It is ordered, adjudged and decreed that the plaintiff recover from the defendants, A. W. Grunberg and Homer B. Anderson, co-partners doing business under the firm name and style of Grunberg & Anderson, the sum of $3,439.76,

with interest thereon at the rate of seven per cent per annum from the 15th day of February, 1922, together with costs of suit in the sum of $262.60.''

As so modified, the judgment is affirmed, the appellants to recover their costs on appeal.