[Civ. No. 5554. Third Appellate District.—September 29, 1936.]

H. B. RODEHAVER, Respondent, v. C. MANKEL, Appellant.

Howe, Hibbitt & Johnston for Appellant.

Devlin & Devlin & Diepenbrock and Horace B. Wulff for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment which was rendered against him in the sum of $2,066.63 for a balance due the plaintiff on an open book account. In a cross-complaint filed by the defendant, he claimed that plaintiff owed him $9,500 as a balance due on an open book account. In plaintiff's answer to the cross-complaint he alleged that the judgment which was rendered in a former case between the same parties was *res judicata* with respect to the defendant's claim asserted in his cross-complaint. In the present action the court found that the defendant was indebted to plaintiff on an open book account in the sum of $2,066.63; that the judgment in the former action is *res judicata* and that defendant was entitled to recover nothing on his cross-complaint. Judgment was accordingly rendered in favor of the plaintiff for the sum of $2,066.63.

The appellant contends that the court erred in admitting in evidence, over his objection, the judgment roll in the former case upon the plea of *res judicata* for the reason that it appears the defendant's claim asserted in his cross-complaint grew out of "an entirely different contract" from the one determined in the former case; that the amount of the judgment in this case is excessive, and that the court erred in admitting evidence affecting an account with the Northwest Construction Company, a stranger to the transactions involved in this proceeding.

 We are of the opinion the court did not err in admitting in evidence the judgment roll in the former cause. The court's finding that the former judgment between the

same parties is *res judicata* upon the claim asserted by the defendant in his cross-complaint in this suit appears to be adequately supported by the evidence.

An examination of the judgment roll of the former action discloses the fact that one J. C. North brought suit against this defendant, C. Mankel, in 1930, for dissolution and an accounting of an alleged copartnership in the business of construction work, including highway construction, surfacing of roads, ditches, excavations, trucking and in all equipment owned by them and used for those purposes. By leave of court, this plaintiff, H. B. Rodehaver, intervened in that suit and filed a cross-complaint, alleging that he was a partner with the defendant Mankel in the same business which was involved in the suit for an accounting and dissolution of copartnership between North and Mankel; that on January 12, 1931, by mutual consent, that copartnership was dissolved, but that the defendant, Mankel, collected and retained proceeds derived from that business and from the sale of machinery and equipment belonging to the copartnership which he failed and refused to account for, and prayed for an accounting thereof. Answering the complaint in intervention, Mankel denied the material allegations thereof and affirmatively alleged that in October, 1929, he did orally agree with Rodehaver to enter into a joint adventure involving certain construction work to be performed by them for the Pacific Gas & Electric Company and with the Northwest Construction Company, but that Rodehaver collected and retained in his possession money derived from the proceeds of those contracts, which he failed and refused to account for, and prayed for an accounting therefor. North also answered the complaint in intervention, denying the material allegations thereof and praying that the intervener take nothing thereby. In that suit the court adopted findings holding specifically that the allegations of both the original complaint and the complaint in intervention were untrue. The court further found that the defendant's allegations in reply to the cross-complaint were true. As conclusions of law, the court held that the defendant Mankel was entitled to recover only his costs of suit against both North and Rodehaver. The evidence which was adduced in that case is not before us. Judgment was rendered pursuant to the

findings. No appeal was taken from that judgment and it became final.

That judgment amounted to a determination that there was an agreement of joint adventure between Mankel and Rodehaver with respect to the construction contracts with the Pacific Gas & Electric Company and with the Northwest Construction Company, but that nothing was due from Rodehaver to Mankel on that account, for the reason that the court awarded Mankel nothing more than his costs of suit. It must therefore be inferred that the court determined that the account between Mankel and Rodehaver involving those contracts was completely settled. If, as a matter of fact, Rodehaver did owe Mankel a balance derived from the joint adventure, Mankel should have appealed from that judgment, in the absence of which it became final and conclusive respecting the adverse claims which were involved in that suit. No such appeal was taken. That suit also determines the fact that Rodehaver had no interest in the general copartnership with Mankel in construction work, which was alleged in the original complaint.

It is true that the clerk first inadvertently entered judgment in that suit to the effect that an accounting between Mankel and Rodehaver was ''denied without prejudice''. But upon motion based on adequate notice therefor, the court subsequently set that inadvertent provision of the judgment aside with the specific statement that it was not so determined by the court. The above-quoted clause was eliminated, leaving a mere judgment in favor of Mankel for his costs of suit, with the necessary inference that Rodehaver owed Mankel nothing growing out of the copartnership or joint adventure. This affirmative action of the court was certainly notice to Mankel that if he claimed the evidence showed a balance due from Rodehaver growing out of the joint adventure he should have appealed from the judgment which allowed him only his costs of suit.

It is asserted by the appellant that since it was held in the former suit that Rodehaver was not a copartner in the general construction business, but, on the contrary, that he was a mere partner with Mankel in a special joint adventure involving certain contracts for construction with

the Pacific Gas & Electric Company and with the Northwest Construction Company, he was, therefore, not a proper party to that suit and should not have been permitted to intervene therein, and that the judgment determining that a partnership did exist between Mankel and Rodehaver in certain contracts is not binding on this appellant and that the former judgment is not *res judicata* of that issue in this proceeding. We are of the opinion that result does not follow. There was no demurrer to the cross-complaint in the former action on the ground of misjoinder of parties, or at all, and no motion was made to strike out the cross-complaint on that ground. The cause was tried on the theory that Rodehaver was a proper party in that suit, and that the joint adventure with respect to the two contracts was mingled with the general contract for construction work which was involved therein. Indeed, Mankel tendered that very issue in the former action. That issue was tried and determined in the former suit and the judgment in that regard is therefore binding on the appellant. When the trial court made its order in the former action granting this respondent, Rodehaver, permission to intervene in that case under the provisions of section 387 of the Code of Civil Procedure, that order amounted to a determination that the intervener had such an interest in the subject-matter of that suit as entitled him to become a party thereto. (*Townsend* v. *Driver*, 5 Cal. App. 581 [90 Pac. 1071]; 20 Cal. Jur. 525, sec. 29.) It may not be said, in the absence of an appeal from that judgment, that he was not a proper party to the suit, or that the judgment is not *res judicata* in this action as to the issues which were actually, or by necessary implication, determined thereby.

The doctrine of *res judicata* applies with equal force to the proper issues which are raised and determined by means of a complaint in intervention, the same as it does to the issues which are tendered by the pleadings of the original parties to the action. The intervener becomes an actual party to the suit by virtue of the order authorizing him to intervene. In the case of *Lamb* v. *Wahlenmaier*, 144 Cal. 91 [77 Pac. 765, 103 Am. St. Rep. 66], it is said:

"As between the parties to the action, the judgment therein is an estoppel as to all matters which are actually and necessarily included in the judgment. (Code Civ.

Proc., sec. 1911.) The determination in the former action of an issue presented on the part of the defendant therein by way of counterclaim, or in recoupment, or by way of a cross-complaint against the plaintiff, is *res judicata,* as fully as if determined in a separate and independent action brought by the defendant against the plaintiff. (Freeman on Judgments, sec. 282; Black on Judgments, sec. 761; Taylor on Evidence, 9th ed., sec. 1699; *Timmons* v. *Dunn,* 4 Ohio St. 680; *Howell* v. *Goodrich,* 69 Ill. 536; *Litch* v. *Clinch,* 136 Ill. 410 [26 N. E. 579]; *McNicholas* v. *Lake,* 13 Colo. App. 164 [56 Pac. 987]; *Ehle* v. *Bingham,* 7 Barb. (N. Y.) 494; *Baker* v. *Stinchfield,* 57 Me. 363; *South & North etc. R. R. Co.* v. *Henlein,* 56 Ala. 368; *Jennison* v. *West Springfield,* 13 Gray (Mass.), 544.)''

To the same effect is the text found in 2 Freeman on Judgments (5th ed.), 1665, section 786, as declared on page 1668 thereof.

Since the appellant in this case affirmatively pleaded his present claim in answer to the intervener's complaint in the former action, and the court passed on the merits of that claim by adopting findings with relation thereto, and by rendering judgment in his favor for costs of suit, in the absence of an appeal from that judgment we must assume the court determined there was no balance due to this appellant. If the court failed to take evidence in that case of the status of the account between Rodehaver and Mankel with relation to the contracts in question that must have been the fault of this appellant for that account was an issue, and evidence with relation thereto would have been competent. If testimony was adduced which shows that this appellant was entitled to judgment therein other than for his costs of suit, and the judgment is not in accordance with the evidence, that error should have been corrected on appeal. In other language, the judgment in the former action is *res judicata* and conclusive on the issues which were determined therein or which under the pleadings should have been decided therein regardless of any errors which might have occurred in the determination thereof. (*Ernsting* v. *United Stages, Inc.,* 206 Cal. 733 [276 Pac. 103].) The Lamb case, *supra,* says in that regard:

''The omission of the court to give him any relief for the payment of this excess was, in its legal effect, an ad-

judication that he was not entitled to relief therefor. (*Thompson* v. *McKay*, 41 Cal. 221.) The court erred in giving this judgment (*Laidlaw* v. *Marye*, 133 Cal. 170 [65 Pac. 391]), but the plaintiff did not appeal therefrom and the judgment became a final determination of the respective rights . . . upon this issue. . . .

"The judgment is none the less a bar for the reason that it was erroneous. 'In passing upon the plea of *res judicata,* the question is not whether a court decided the point involved right or wrong, but the question is, Did the court decide the point and is the decision final.' (*Chouteau* v. *Gibson,* 76 Mo. 38.) By failing to appeal and seek a correction of the error through a reversal of the judgment, it is as conclusive upon the plaintiff as if at the trial he had omitted to present sufficient evidence to the court in support of his demand."

There appears to be no doubt that the claim of $9,500 which was asserted by the appellant in his cross-complaint in this suit involves the same transactions which were included in the issues determined in the former case. When the judgment roll in the former action was offered in evidence on this trial, the following colloquy occurred:

"Q. [By Mr. Wulff, attorney for respondent.] In your Answer and Cross-Complaint in *North* v. *Mankel,* you set forth that in October, 1929, the Northwest Construction Company entered into a contract with the Pacific Gas & Electric Company to do certain work, is that correct? A. Yes. Q. Now, that work in October, 1929, is the same work you have testified to heretofore in this action, is it not? A. Yes, the same work. Q. . . . You state in there that you have not received any of the money coming from that work except $10,000.00; now, in this proceeding, this is the same money that you are talking about, is it not, the same $10,000.00? Mr. Meldon [attorney for appellant]: We will admit it. Mr. Hibbitt [attorney for appellant]: We will admit that. Mr. Wulff: In other words, I think *it is conceded,* . . . that *both actions cover the same subject matter.* Isn't that correct? If it is not, I can save time: You know it is and I know it is. Mr. Meldon: It arises out of the same transaction, yes."

Since the transactions which were involved in the former suit are the same as those which are included in this suit,

and the parties to this suit were also parties to that suit, the former judgment is *res judicata* with respect to that issue.

■ The court did not err in admitting testimony with relation to the account of the Northwest Construction Company. It appears that much of the evidence with respect to the account of the Northwest Construction Company was brought out by the appellant himself. He offered in evidence the bank account of that company. We are directed to no objection to this evidence which was made by the appellant. This cause is based on an open book account. The plaintiff is a broker. His claim against the appellant is for premiums earned in furnishing Mankel with bonds and insurance policies in connection with the various contracts for construction which were performed over a period of time from November, 1925, to October, 1930. In proof of the claim the plaintiff offered in evidence the original pages of his ledger account thereof. It consisted of ten separate sheets which were received in evidence without objection. It does appear that the last two sheets of the ledger were headed "Northwest Construction Company". The original ledger entries appear in the name of "Starring & Mankel". Mr. Rodehaver testified that Mankel and Starring were copartners in the construction business, and that all of the entries in the ledger apply to the same account. He said: "Q. I will show you these cards, ledger cards, and ask you whether or not that represents the transaction of business with Mr. Starring and Mr. Mankel? A. Yes." This witness also testified the name in which the account was kept was changed, first from Starring & Mankel to Mankel & Starring, then to Mankel & Starring and C. Mankel, and finally to Northwest Construction Company, at the request of Mr. Mankel, who said they were conducting the construction business under that fictitious name. The record furnishes ample evidence to support the finding that these ledger sheets all apply to the account with the appellant, and that they are therefore competent evidence in this case. An examination of the record indicates that the case was tried by both parties on the theory that the Northwest Construction Company was merely the name under which Mankel conducted the business which is involved in this suit. That

fact is not denied. No objection to the reception in evidence of these ledger sheets was made by the appellant, except on the ground that some of the items were not in accord with the bill of particulars which was previously rendered by the plaintiff. There appears to be no merit in the contention that the court erred in receiving evidence with respect to the account in the name of the Northwest Construction Company.

The appellant claims the amount of the judgment is excessive. Upon the record which is before us we are unable to say the amount of the judgment which was awarded to the plaintiff is excessive. As we have previously held there is substantial evidence to support that portion of the book account which was kept in the name of Northwest Construction Company as a proper part of the account against the appellant. Moreover, the judgment is based on the findings of fact, with respect to the various items of the account, which were adopted and filed in the case by a referee who was appointed by the court under the provisions of section 638, subdivision 2, of the Code of Civil Procedure. These findings of the referee were adopted by the court in its conclusions of law, as follows: "As conclusions of law to the above and foregoing facts *and to the facts as found by the referee,* as set forth in his said report, the court finds as follows: . . ."

Upon demand, a bill of particulars was furnished to the appellant under the provisions of section 454 of the Code of Civil Procedure. It consists of 132 separate items. A hearing of the facts was had before the referee, who received evidence and considered separately each of these items. The referee adopted and filed his findings upon each of these items. It appears that many of these items which are now objected to by the appellant were conceded by him at the hearing before the referee as shown by his findings. None of the items which were disallowed by the referee are included in this judgment. An appellant may not on appeal object to items which he specifically conceded to be correct before the referee. Moreover, the evidence which was adduced at the hearing before the referee is not before this court. The findings of a referee may be reviewed on appeal only in the same manner in which findings of the court can be reviewed. (Sec. 645, Code

Civ. Proc.) Under the circumstances of this case we must assume, in the absence of testimony upon which the referee determined the various items of the account, that each of his findings is amply supported by the evidence. (*Lewis* v. *Grunberg*, 205 Cal. 158 [270 Pac. 181]; *In re Riccardi*, 80 Cal. App. 66, 73 [251 Pac. 650].) The findings of the referee became the findings of the court in the present action. There is no evidence before us to dispute them. We may, therefore, not hold they are not supported by the evidence. There is nothing in the record to show that the amount of the judgment is excessive.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 29, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 23, 1936.