[Civ. No. 3092. Fourth Dist. Apr. 26, 1943.]

PAT OKLAH JORDAN, Appellant, v. MARTIN JORDAN, Respondent.

Dorris & Fleharty, W. C. Dorris and C. Fleharty, Jr., for Appellant.

Borton, Petrini, Conron & Borton and Dorsett Phillips for Respondent.

GRIFFIN, J.,—Appellant Pat Oklah Jordan and respondent Martin Jordan are the parents of Betty Ruth Jordan, a minor child. Prior to 1940, they resided in Oklahoma. Respondent, in Oklahoma during that year, filed an action for divorce. He was granted the decree and the custody of their two minor children. Appellant came to California. Respondent thereafter cared for and supported the children. In September, 1941, appellant returned to Oklahoma and instituted proceedings to modify the court's order respecting the custody of the children. After a full hearing was had, the decree was modified to the extent that appellant here was given the custody of Betty Ruth Jordan, for the months of June, July and August of the year 1942. The evidence shows that at the time the decree was thus modified appellant promised the trial judge that if he granted her permission to take the children to California she would return them to Oklahoma at the end of the period mentioned in the modified decree. Appellant returned to California and in June, 1942, went to Oklahoma to secure the children as permitted. She also promised respondent she would return them at the end of the three months period. Appellant left for California with Betty Ruth. She testified in her deposition that it was her

intention to keep the child in California notwithstanding the Oklahoma decree. On August 22, appellant wrote respondent for permission to allow the child to remain in California, which permission was refused. She then refused to return the child to Oklahoma. Respondent came to California. Appellant filed the complaint in this action on October 5, 1942, seeking the custody of the child and obtained an ex parte order granting her the temporary custody of it. Orders to show cause why the custody should not be changed were obtained by each party. Respondent answered and by way of cross-complaint sought the dismissal of the action and an order of custody.

The trial court found (Finding No. VI) that "there has been no material change in circumstances with respect to the parties hereto, or with respect to the welfare of Betty Ruth Jordan, the minor child of the parties hereto, since the 2nd day of September, 1941, and that it is for the best interest of said minor child that she be returned forthwith to the care, custody and control of her father, Martin Jordan, defendant and cross-complainant herein."

It is argued that this finding is not a finding of ultimate fact but only a conclusion of law and therefore does not support the judgment which followed, citing such cases as *Franklin* v. *Franklin,* 140 Cal. 607 [74 P. 155]; *Smith* v. *Smith,* 62 Cal. 466; and *Perkins* v. *Perkins,* 29 Cal.App. 68 [154 P. 483]. We see no merit to this point. The line of demarcation between what are questions of fact and conclusions of law is not one easy to be drawn in all cases. It was said in *Palmer* v. *Fix,* 104 Cal.App. 562 [286 P. 498], at page 567, quoting from *Levins* v. *Rovegno,* 71 Cal. 273, 275 [12 P. 161]:

"If, from the facts in evidence, the result can be reached by that process of natural reasoning adopted in the investigation of truth, it becomes an ultimate fact to be found as such. If, on the other hand, resort must be had to the artificial processes of the law in order to reach final determination, the result is a conclusion of law." (Citing cases.)

In the instant case appellant alleged that it was for the best interests of the minor child that the custody be changed to her and that respondent came to California to retake the child to Oklahoma in compliance with the decree of that court as set forth. Respondent not only denied appellant's allegation respecting the best interests of the child but also

374

alleged by way of cross-complaint that the court in Oklahoma had already determined that respondent was a fit and proper person to have the custody of the child as opposed to appellant's claim and that those issues were there fully presented.

Upon those issues thus framed the trial court here, after hearing evidence as to whether there had been a change of conditions since the modified Oklahoma decree was signed, made the finding above quoted, that there had been no material or substantial change authorizing it to interfere with the previous determination. Under these circumstances it becomes immediately apparent that the finding is one of fact and not merely a conclusion of law. (*Foster* v. *Foster*, 8 Cal. 2d 719 [68 P.2d 719].)

The next objection was that the court's finding of fact No. I, wherein the court found that "the allegations contained in paragraphs . . . VII . . . of plaintiff's complaint are not true," is a negative pregnant and therefore implies the truth of the allegation and is inconsistent with finding No. IV, which is to the effect that "the allegations contained in paragraphs . . . VII of cross-complainant's cross-complaint are true." Allegation VII of the cross-complaint alleges "that it is for the best interest of the said minor child, Betty Ruth Jordan, that she be returned to the actual care, custody and control of cross-complainant herein." This contention is equally untenable. A negative pregnant is such a form of negative expression as may imply or carry with it an affirmative. (Black's Law Dictionary; 21 R. C. L., p. 560, Pleading, sec. 119; 41 Am. Jur., p. 429, Pleading, sec. 196.)

In *Wiles* v. *Hammer*, 66 Cal.App. 538 [226 P. 651], relied on by appellant, the appellate court found the trial court's finding "that it is not true . . . that *all* casing furnished by plaintiff was furnished at his own cost and expense . . ." to be an implication that some of the casing was furnished.

In *Auerbach* v. *Healy*, 174 Cal. 60 [161 P. 1157], it was held that a finding that "*all* the allegations of the answer are not true" is not a finding that all of them are untrue.

The finding in the instant case is not such a finding as to constitute a negative pregnant. The allegation of the complaint was to the effect that it was to the best interests of the minor that her custody be awarded to the plaintiff. The finding clearly recites that the allegation is not true.

It is next argued that if we hold that there is no merit to the first two points raised, still the evidence is in-

sufficient to support the finding that there has been no material or substantial change of circumstances as of November 23, 1942, relating to the condition of the fitness of appellant and best interests of the child as of September, 1941, the date of the Oklahoma decree. We have fully examined the evidence on this question. It does not reveal an abuse of discretion on the part of the trial court but demonstrates clearly that there is at most only a conflict in the evidence. It is true that appellant did show that while in Oklahoma her health was not as good as it had been in California; that she was not able to work there, but that she was employed in California as a waitress in ''Joe's Fountain and Lunch Cafe,'' and now is employed as a fountain girl at Minter Field, at $90 per month; and that she is now living with her brother and his wife and that she is buying a little house located on the back of their lot and that her brother's wife has been taking care of the child while she is working.

Respondent Martin Jordan testified that he works for the County Highway Department in Oklahoma; that on March 4, 1942, he remarried; that he supported the minor children even when they were in California with their mother on a previous occasion; that he had a five-room home in Oklahoma and the children were going to school there; and that the children were happy with his present wife.

There was received in evidence an affidavit of the trial judge in Oklahoma. It recites that at the hearing of the petition for modification of the decree before him, he inquired of appellant as to whether or not, if he modified the former decree allowing her the custody of the children for three months and she were permitted to take them to California, she would return them to Oklahoma at the expiration of that period; that in response thereto she ''very definitely promised that she would observe the order of the court''; that this inquiry was made because of the fact ''that upon a previous occasion the plaintiff, Martin Jordan, was required to go to the State of California for the purpose of obtaining the custody of the children in question and it was because of my fear that Mrs. Jordan would not observe the order of the court that the inquiry last above referred to was made''; that he had known Martin Jordan for a period of some years and knew him to be a Christian gentleman of good moral character and thoroughly capable and competent of having the custody of the children in question.

An application for modification of an award of custody is addressed to the sound legal discretion of the trial court and its discretion will not be disturbed on appeal unless the record presents a clear case of an abuse of that discretion. (*Foster* v. *Foster, supra*; *Bancroft* v. *Bancroft,* 178 Cal. 352 [173 P. 582].) In the instant case we are unable to interfere with the finding of the court or to hold that there has been any abuse of discretion. The evidence fully supports the judgment.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.