[Civ. No. 20090.   Second Dist., Div. Two.   June 16, 1954.]

ALBERT G. ROSATI, Respondent, v. JACOB HEIMANN, Appellant.

Bloom & Bloom and L. A. Bloom for Appellant.

Fred J. Martino for Respondent.

MOORE, P. J.—Appellant is an art collector and connoisseur; respondent is an artist. The connoisseur possessed a collection of rare paintings including one by the master, Leonardo da Vinci, which had been despoiled by time and neglect. It required treatment by an efficient artist for its restoration and for its exhibition with the works of the great master. Appellant employed respondent to perform such services and to purchase other paintings by the ingenious artists of olden times. The relationship thus created continued from April 1944 to June 1950. Respondent purchased materials and paintings and performed services over the six-year period during which he recorded his receipts and disbursements in a "ledger." Then a dispute arose and respondent sued for $6,152.10 as (1) a quantum meruit; (2) for $3,117.50 as the balance of his account for services rendered; (3) the balance of $3,117.50 on a "mutual open and current book account" for services. At the opening of the trial, by reason of the necessity of examining the ledger, statements, invoices and cancelled checks, the parties and the court agreed that such records should be examined by an expert accountant as a referee.

Mr. Karle, a certified public accountant, was appointed and held hearings and duly filed his reports and findings whereby he determined the items that should be allowed and which should be rejected. His conclusion was that for his action and account respondent should be paid $3,117.50.

Appellant contends that the judgment is a compromise of the issues of liability and damages. Such is not the fact. The trial court emphasized that the referee did not compromise the settlement of the accounts, but pointed out that the referee fixed as the amount of the award, the reasonable value of respondent's services. The referee undertook his task under a general order of reference. The trial judge, with appellant's concurrence, in discussing the order said: "Naturally the parties themselves are the ones who are primarily interested in the scope of the reference. I see no reason why we should do it piecemeal, why the referee could not make inquiry into all of the matters germane to the issues raised by the pleadings.

"MR. VENTRESS: It will just be a general order of reference then? I think the pleadings do raise primarily an accounting issue, so far as I could see, so there is no reason why he couldn't pass on all the issues.

"THE COURT: Very well . . ."

It is the law that a reference requiring the examination of a long account with instructions to hear and decide the whole issue is a general reference. (*Lewis* v. *Grunberg*, 205 Cal. 158, 162 [270 P. 181].) In view of the stipulation of the parties, the statement of the judge, the statement of appellant's counsel and the language of the Grunberg case, *supra*, it is unavoidable that the scope of reference encompassed the nature, and extent of services rendered by the artist as well as a determination of the merits of disputed items. *Clark* v. *Milsap*, 197 Cal. 765 [242 P. 918], is not in point. The court in that decision had for determination whether the reference was general or special. It was special by reason of the fact that only a clerical duty was referred without power to make findings.

Appellant contends that the judgment should be reversed because of errors during the course of reference; that the referee heard no evidence as to reasonable value and that the referee's hearings were confined to a review of the "ledger" and the financial records of the parties. Such is not the fact. In response to the court's inquiry as to the progress of the referee's report, appellant's counsel replied that the referee had finished taking evidence and excused the delay with the additional excuse that the referee has an accounting practice he had to neglect for the purpose of making the report to the court and was "trying to catch up." The witness Grossman was appellant's accountant. In response to the court's inquiry he stated that he had had an opportunity to point out to the referee the items disputed by appellant and that there were only minor differences between his findings and those of the referee. In testifying as to his authority to conclude his findings, Mr. Karle said: "I didn't in the first instance because there was such a wide divergence of testimony from each side as to what the actual engagement was." Appellant's attorney, Mr. Bloom, argued to the court that "we ought to have a right, as we would before the court, also to present our side of it before Mr. Karle, although Mr. Karle in the beginning and in the first place, all the way through, just went about it in his own way; he talked to one side and talked to the other side, looked at their books, looked at their checks; and that is O.K., he is just getting down to the facts and seeing what it is, without any red tape or without any technicalities. However, when it comes to the final decision we still want to reserve certain objections, certain things about the evidence and other things about

admissibility of the books and things of that sort.'' From the foregoing it appears that the referee, pursuant to the stipulation, heard material evidence bearing upon the issues between the parties, not only testimony of witnesses but also he inspected the ledger and other exhibits including original paintings before and after restoration.

But the taking of evidence was not by the referee only. The court heard testimony relative to the reasonable value of respondent's services and made its own findings besides adopting the findings and conclusions of the referee. No objection was made to the court's hearing evidence on the issues. It covered the field laid open by the litigation and since it made complete findings as to the reasonable value of respondent's services there is little to be said in criticism of the labors and methods of the referee. ■ In fact, appellant makes no specification as to which finding is not supported by the evidence. When an appeal is grounded upon such failure, it is incumbent upon the appellant to particularize the details. (*Wieczoreck* v. *Texas Co.*, 45 Cal. App.2d 450, 457 [114 P.2d 377].) The referee found the total earnings of respondent, the sum paid by appellant and the unpaid balance due respondent. The fact that he found the amount due to be $4,585 but concluded that only the sum of $3,117.50 should be paid is not to the prejudice of appellant. ■ In the absence of a record of the reference it is presumed that the evidence supports the findings of the referee. (*Brodie* v. *Barnes*, 56 Cal.App.2d 315, 319 [132 P.2d 595].)

Appellant contends that the procedure before the referee was such as to deny him a fair trial; that such officer is obligated to adhere to the rules of court practice in determining facts, citing Code of Civil Procedure, section 2103. But he made no objection to the choice of the referee or to his qualifications. It is too late to do so before the reviewing court. ■ With regard to the alleged ex parte hearings and to every matter of trial procedure before the referee it was obligatory upon the appellant to object before the referee and to the trial court. Having failed to do so, his complaints will go unheeded on appeal. The same rule applies with reference to the referee's analysis of respondent's books of account or to the admissibility of any item of evidence. He cannot now for the first time register such objection and because there is no record of proceedings before the referee, the finding is presumed to have been based upon sufficient proof.

The clerk's transcript contains proof that the parties and their counsel appeared before the referee, introduced testimony and filed exhibits and appellant was not prevented from objecting or from introducing any evidence. Moreover, there is uncontradicted proof in the record of the proceedings before the court that appellant was denied no opportunity to object to the referee's procedure. When respondent's counsel expressed dissatisfaction with proceedings before the referee, appellant's counsel proclaimed "At the time the referee was conducting the hearings, counsel had ample opportunity to object to his method of operation." Also, while the parties were before the referee on December 10, 1952, appellant's counsel presented a transcript of a conversation between court and counsel on a prior occasion which contained the court's suggested method of compromise as to the amounts due, and undertook to induce the referee to follow such method. It follows that instead of being silenced at the hearings before the referee, appellant's counsel were bellicose and aggressive. He must, therefore, abide the consequences of his own acts. (*Rodehaver* v. *Mankel,* 16 Cal.App.2d 597, 605 [61 P.2d 61].)

██ Complaint is made that appellant was prejudiced by the court's admitting into evidence the "ledger" in that it failed to meet the competency test of the "Uniform Business Records as Evidence Act" (Code Civ. Proc., §§ 1953e-1953h), in that the entries were not made "at or near the time of the transaction." Whether a book of accounts meets the requirements of the law either as to the proximity of the entries to the date of the transaction or as to the accuracy of the entries, is a question to be determined by the trial court in the exercise of a sound discretion. The same book contains other accounts. From its entries respondent's income is computed for tax purposes. The case of *Tabata* v. *Murane,* 76 Cal.App.2d 887 [174 P.2d 684], is not pertinent. The book there had no permanent form.

Appellant contends that respondent's services with respect to the da Vinci exhibition were not a part of his "account"; that they were never entered in the ledger; and that compensation for such services is therefore barred by the statute of limitation. The exhibit belies such assertion. It contains in clear entries the charges for service in connection with the da Vinci painting as well as charges for pictures purchased by respondent for appellant. They are entered just as charges for other services of respondent that were bargained for and received. ██ The action is on a book account and

is therefore on the entire account and not upon the separate items. It follows that the action may include items entered more than the statutory period prior to the entry of the last item. (*Gardner* v. *Rutherford,* 57 Cal.App.2d 874 [136 P.2d 48].) The action is not barred by any statute of limitations.

Appellant challenged every step taken by respondent in the progress of the action and at the hearings before the referee and before the court. The motion for a new trial developed into a lively tilt with appellant carrying the war into Africa. Nothing in the record indicates that he did not receive a fair and faithful consideration of every contention advanced.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.