[Civ. No. 21157.   Second Dist., Div. Two.   Nov. 17, 1955.]

DONALD K. HUNTOON, Respondent, v. OSCAR
HURLEY, Appellant.

34

Clifford W. Twombly for Appellant.

Spray, Gould & Bowers for Respondent.

McCOMB, Acting P. J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action for an accounting to determine the amount of salary due plaintiff from defendant, defendant appeals.

*Facts:** On September 19, 1951, plaintiff and defendant entered into a written agreement whereby defendant employed plaintiff as manager of his appliance department for a period of one year commencing on October 1, 1951. Under the terms of the agreement plaintiff was to receive "a salary equal to 50% of the net profits resulting from the operations of the aforementioned appliance department" and "that the net profits shall be determined by a firm of independent Certified Public Accountants, on the basis of generally accepted accounting principles and shall in part be made up of the following: Sales: All sales of appliances, frozen foods and freezer supplies, less any sales discounts and allowances including 'food bonds,' etc." The agreement was terminated on September 13, 1952, by defendant.

Prior to plaintiff's employment and during the period with which we are concerned the books of defendant were kept under the supervision of certified public accountants. The employment agreement was prepared by one of those accountants and contained a list of the accounts to be used in determining plaintiff's earnings. In January, 1952, an accounting for the last quarter of 1951 was made pursuant to the agreement and was discussed by both parties with defendant's accountant and was approved.

In April of 1952, an accounting for the first quarter of the year was made showing that plaintiff was entitled to $5,616.38, and in payment of this amount he received a check for $500 and a note for $5,000.

On August 1, 1952, plaintiff filed a complaint (No. 602376, in the Superior Court of Los Angeles County) against defendant for money due on the promissory note. During the course of the next 10 months plaintiff repeatedly demanded an accounting so that the amount of his wages could be determined, but none was forthcoming. July 14, 1953, he filed an action for accounting (Pasadena No. 4562, in the Superior Court of Los Angeles County). It was stipulated between the parties (a) that the action on the note and the action for accounting should be consolidated for trial, (b) that de-

---

*The evidence is viewed in the light most favorable to plaintiff (respondent) pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216 [2] [146 P.2d 424].

fendant's contention that the written agreement had been modified should first be determined by the trial court, and (c) that if it was deemed feasible or necessary, the court might appoint an independent auditor, each side to pay an equal share of the costs.

The trial court determined on November 9, 1953, against defendant's contention that the written agreement had been modified and ordered a referee to take an accounting pursuant to the terms of the original agreement. Thereafter the referee held a hearing with the attorneys for the parties at which it was "decided upon between the parties that the referee would go to the place of business of Mr. Hurley (defendant) where the records were being kept and make an examination of the books to determine and start the accounting." After making his examination the referee held a further hearing with the parties and their respective attorneys. The items of the account were reviewed and various stipulations were made. There is no record of either hearing.

The referee filed his report and defendant filed objections to it. The objections were heard by the court, and after allowing some and denying others, the report of the referee was modified and a judgment entered in accordance with the findings of fact and conclusions of law, by which it was found that defendant was indebted to plaintiff in the sum of $8,965.96.

*Questions*: First: *Were there substantial findings of fact of the trial court which sustained the judgment?*

*Yes.* There were these issues before the court: (1) whether or not the written contract of the parties had been modified by an executed oral agreement; (2) whether or not an accounting was necessary, and (3) the amount, if any, owing plaintiff for his services predicated upon the accounting.

Defendant does not question the sufficiency of the findings upon the first two issues. However, he contends that the findings are inconsistent in that in paragraph XVI of plaintiff's complaint it is alleged that defendant is obligated to pay or deliver to him a sum in excess of $14,784.25, and that paragraph II of the findings of fact finds that the allegations contained in paragraph XVI are true. This is the fact. However, defendant fails to note that the court specifically finds that "Defendant is indebted to the Plaintiff in the sum of $8,965.96" from the 13th day of December, 1952.

The rule is settled that where the court, in addition to a general finding such as the one first mentioned above, makes a specific finding as to a particular fact, as the latter

finding, *supra,* the latter controls in the case of an inconsistency. (*Howard* v. *Howard,* 128 Cal.App.2d 180, 186 [9] [275 P.2d 88] (hearing denied by the Supreme Court).)

Other objections of defendant to the findings are: (a) That there are inconsistent findings. ■ An examination of the record discloses that the alleged inconsistencies are on immaterial issues and therefore must be disregarded by this court as they do not affect the judgment. (See cases cited in 7 West's Cal. Dig. (1951), Appeal & Error, § 1071 (5)d, p. 578.) (b) That certain findings are in the form of negatives pregnant. ■ The questioned findings read, "That none of the allegations contained in paragraphs I, II, III, IV, V . . . is true." The finding was not in the form of a negative pregnant but was a specific finding of fact. The findings contained in *Austin* v. *Harry E. Jones, Inc.,* 30 Cal.App.2d 362, 367 [86 P.2d 379], read, "That all the allegations . . . are not true." Manifestly there is a vast difference between the two statements.

■ A negative pregnant is such a form of negative expression as may imply or carry with it an affirmative. (*Jordan* v. *Jordan,* 58 Cal.App.2d 371, 374 [3] [135 P.2d 416].) The questioned findings in the present case do not fall within this rule.

Second: *Was the judgment erroneous in that it referred only to the findings of fact and conclusions of law?*

*No.* The record discloses that the judgment explicitly refers to the findings of fact and conclusions of law and "interlocutory judgment of accounting" and "the report of the referee on such accounting." Hence it is evident that the trial court predicated its judgment on the findings of fact, conclusions of law and the report of the referee which was approved as modified.

Third: *Was the report of the referee as modified prepared in accordance with law; does it reflect the facts and constitute an accounting?*

*Yes.* The record discloses that the referee made an accounting pursuant to the agreement of the parties dated September 19, 1951, and in accordance with the construction placed upon the agreement by the parties themselves when they approved the accounting rendered for the period ending December 1, 1951.

Such procedure was proper. ■ The rule is clearly stated in *Sayre* v. *Western Bowl,* 76 Cal.App.2d 793, 798 [2] [174 P.2d 466] (hearing denied by the Supreme Court), where

Justice Kincaid, speaking for the court, accurately states the rule thus:

"The trial judge, in construing the terms of the contract between the parties and in applying the evidence thereto, was justified in invoking the well-settled rule that 'a construction given the contract by the acts and conduct of the parties with knowledge of its terms, before any controversy has arisen as to its meaning, is entitled to great weight and will, when reasonable, be adopted and enforced by the court.' *Woodbine* v. *Van Horn*, 29 Cal.2d 95, 103 [173 P.2d 17]."

The referee was not appointed to make an accounting pursuant to the previous stipulation of the parties, but the reference was made by the trial court pursuant to his general authority to refer accounting matters to a referee. Thus there is no merit in defendant's contention that the accounting is subject to the provisions and rules set forth in the Business and Professions Code. The record discloses that the referee, Mr. Saulque, after his appointment held a hearing at which it was agreed by the parties that he would go to defendant's place of business and examine defendant's books to "start the accounting"; and that he completed his examination by February 16, 1954; that the books examined by the referee were defendant's books, kept by defendant's accountant and were in the custody of defendant, and that the books were examined more than a year after they had been closed.

Defendant may not now claim that his own books do not accurately reflect the status of his business by hiring, after the books have been examined by the referee, other accountants to examine the books. (*Olmo* v. *Olmo*, 56 Cal. App.2d 590, 595 [133 P.2d 866]; *Freeman* v. *Donohoe*, 65 Cal.App. 65, 87 [5] [223 P. 431].) The agreement was prepared by defendant's accountant and specifically set forth the items to be considered in determining the "net profits" for the purpose of computing plaintiff's compensation, and the referee, as heretofore stated, computed such "net profits" upon the basis which the parties themselves had adopted in construing the meaning of the agreement.

Likewise it is settled as to certain other objections which defendant now makes for the first time on appeal that since he failed to make any objection in the trial court thereto he has waived any right to urge error here. (*Cf. Rodehaver* v. *Mankel*, 16 Cal.App.2d 597, 605 [4] [61 P.2d 61].)

Finally, the record discloses that the trial court, upon conflicting evidence, accepted the evidence of an impartial

expert, the referee, in preference to the testimony of witnesses produced by defendant. This finding of the trial court, upon conflicting evidence, is, of course, binding upon appeal. The rule is succinctly stated by Mr. Presiding Justice Moore in *Ideal Packing Co.* v. *Brice,* 132 Cal.App.2d 582, 585 [282 P.2d 957] (hearing denied by the Supreme Court), where in answering a similar contention, he says:

"That court having studied and appraised all evidence introduced, its findings are the ultimate of the truth of the issues investigated. Where a trial court accepts the proof adduced by one expert and rejects that presented by another with reference to the issues of the same controversy, its consideration of the contention involves an inquiry into the credibility of the witnesses and the weight to be accorded their testimony which no appellate court will indulge."

Fourth: *Did the trial court err by improperly dividing the accounting period by holding that no accounting was necessary for the period prior to December 31, 1951, and confining the accounting period to the period subsequent thereto?*

*No.* The record discloses that the parties had held an accounting for the sums due plaintiff prior to December 31, 1951, and had mutually accepted such accounting. Therefore the court properly ordered an accounting for the period subsequent to December 31, 1951, only.

Fifth: *Did the trial court err in awarding plaintiff interest on the amount found to be due him?*

*No.* The general rule is that where part or all of an employee's compensation is based on profits, the employee is entitled to receive interest on profits belonging to him and remaining in the hands of the employer after payment is due. (56 C.J.S. (1948), Master & Servant, § 112, p. 548; *Kales* v. *Houghton,* 190 Cal. 294, 308 [212 P. 21].)

The following cases, relied on by defendant, are not here applicable. *California Lettuce Growers* v. *Union Sugar Co.,* (Cal.App.) 278 P.2d 106, is not applicable for the reason that a hearing has been granted by the Supreme Court. *Cox* v. *McLaughlin,* 76 Cal. 60 [18 P. 100, 9 Am.St.Rep. 164], was a case where plaintiff's recovery was based on *quantum meriut,* and therefore the damages were unliquidated. *Lineman* v. *Schmid,* 32 Cal.2d 204 [195 P.2d 408, 4 A.L.R.2d 1380], was an action for breach of contract for the purchase of a commodity where damages were based on fluctuating market

values and therefore the amount due was not readily or reasonably ascertainable.

▇▇▇ The correct rule is that every judgment awarding damages certain or capable of being made certain by calculation on a particular day may include interest from that day. (*Canavan* v. *College of Osteopathic Physicians & Surgeons,* 73 Cal.App.2d 511, 521 [14] [166 P.2d 878] (hearing denied by the Supreme Court).)

Sixth: *Was the consolidated case No. 602376 undecided and "left dangling"?*

*No.* ▇▇▇ Where two or more suits, as in the instant case, are ordered consolidated for trial there should be one set of findings, conclusions of law and one judgment. (*Wolfson* v. *Beatty,* 118 Cal.App.2d 392, 398 [3] [257 P.2d 1017] (hearing denied by the Supreme Court).)

The complaint in case Pasadena Number C 4562, refers to the execution of the promissory note. Case Number 602376 refers to "all matters and things hereinabove set forth." The judgment included all of the issues raised in the two complaints and was conclusive as to such issues.

▇▇▇ Seventh: *Did the trial court err in requiring defendant to pay the referee's fees?*

*No.* When the court determined that a reference was necessary, the matter of payment of the referee's fees was discussed with counsel for both parties. The court expressly reserved the right to determine how the costs should be allocated, and defendant raised no objection. As previously stated the reference was not made pursuant to the previous stipulation of the parties that should it become necessary to appoint an "auditor" the costs should be divided between the parties. Such stipulation was in an effort to have the matter disposed of without the necessity of a trial and did not contemplate a reference.

▇▇▇ Eighth: *Should this court review the accounting made by the referee to the trial court?*

*No.* There is no record before us of the proceedings before the referee. Hence the rule is here applicable that in the absence of a record of what transpired before the referee it is conclusively presumed that the evidence supported the referee's findings. (*Rosati* v. *Heimann,* 126 Cal.App.2d 51, 54 [3] [271 P.2d 953]; *Brodie* v. *Barnes,* 56 Cal.App.2d 315, 319 [1b] [132 P.2d 595].)

There is likewise no merit in defendant's contention that no evidence was taken on the question of interest income before the trial court for the reason that in the absence of

a record of what occurred before the referee, it is conclusively presumed that the referee's finding on the subject was supported by the evidence. Therefore the finding of the referee that interest is a proper item of income in this case is supported by the evidence.

Affirmed.

Fox, J., and Ashburn, J. pro tem.,* concurred.

A petition for a rehearing was denied December 6, 1955, and appellant's petition for a hearing by the Supreme Court was denied January 5, 1956. McComb, J., did not participate therein.

*Assigned by Chairman of Judicial Council.