[Civ. No. 22962.    Second Dist., Div. Two.    Oct. 21, 1958.]

ROBERT W. PHILLIPS, Appellant, v. HARRY L. BEILSTEN et al., Respondents.

Chas. I. Rosin for Appellant.

Rodney F. Williams, Ralph V. DeVoto and Philip C. Crump for Respondents.

HERNDON, J.—The judgment at bar adjudicates the issues tendered in two actions which were consolidated for trial pursuant to stipulation: (1) an action brought by Robert W. Phillips (appellant) against Mr. and Mrs. Harry L. Beilsten (respondents) seeking *specific performance* of a certain contract whereby the parties agreed to an exchange of their respective interests in certain parcels of real property, and (2) an action brought by respondents Beilstens seeking *rescission* of the same contract upon the ground of fraud in the inducement. The trial court decreed a rescission and granted Beilstens a money judgment in the sum of $28,476.91.

In February, 1955, Phillips, a real estate broker, owned certain real property located near Kelseyville, Lake County, California, consisting of a resort hotel and cabins, generally known as The Lakewood Resort, which was encumbered in the amount of approximately $75,000. The Beilstens owned a residential property located in Los Angeles County referred to in the briefs as the Lemona property which was subject to an encumbrance in the amount of $6,925.67.

By written contract dated February 12, 1955, the parties agreed to an exchange of the above mentioned properties. It was provided that Beilstens were to receive the Lakewood Resort with all its furniture, furnishings and equipment, subject to the encumbrance thereon. According to the original agreement Phillips was to receive the Lemona property free and clear, but it was subsequently agreed orally that he would take it subject to the encumbrance and that Beilstens would pay him an equivalent amount in cash from the proceeds of a loan to be obtained upon the security of other property.

The parties promptly executed their respective deeds and deposited them in escrow. Beilstens' deed conveying the Lemona property to Phillips was recorded. It appears, however, that Phillips withdrew from the escrow the deed to the resort property and that this deed was never delivered. Nevertheless, Beilstens went into possession of the resort property in the latter part of March, 1955. In April, 1955, Phillips sold the Lemona property to one John M. Morehart.

Shortly after taking possession of the Lakewood Resort, Beilstens discovered the falsity of numerous representations

made by Phillips and upon which they had relied in agreeing to the exchange of properties. On May 24, 1955, Beilstens gave Phillips written notice of rescission offering to restore to him the ownership and possession of Lakewood Resort and demanding that he return to them all monies and things of value which he had received and that he pay all damages suffered by them. By reason of these circumstances, Beilstens refused to take any further steps to clear the Lemona property and declined to pay Phillips the amount of the encumbrance thereon.

On July 18, 1955, Phillips filed in the Los Angeles County superior court his action for specific performance. From the allegations of the complaint, it appeared that the only promise of Beilstens then unfulfilled was their promise to pay Phillips the amount of the encumbrance on the Lemona property.

On August 24, 1955, Beilstens filed in the Lake County Superior Court their complaint for rescission and damages. This complaint charged Phillips with numerous false representations material to the quality, condition and value of the resort property and set forth all the essential elements of a conventional action for rescission on the ground of fraud. It alleged the giving of the notice of rescission and the offer of restoration in May of 1955; it repeated the offer to restore to Phillips all that the complaining parties had received under the agreement and offered ''to do equity in the premises as the Court may require.'' The rescission complaint further alleged: that Phillips had deeded the Lemona property to a third party; that the reasonable and agreed value of the Lemona property was $27,000; that Beilstens had made numerous outlays in the form of payments to Phillips, payment of taxes on the resort property, payments on the encumbrances and for improvements and other expenses incident to the transaction. The total of these outlays added to the alleged value of the Lemona property amounted to the sum of $35,866.69. The prayer of the complaint sought cancellation and rescission of the agreement and recovery of the indicated sum.

On December 7, 1955 (a little over three months after filing their rescission action in Lake County), Beilstens filed an answer to the complaint in the specific performance action in Los Angeles. This answer admitted the execution of the agreement and the taking of possession of the resort property but denied the other material allegations of the complaint. It affirmatively alleged that Phillips had failed and refused

to perform various conditions of the agreement and that he had removed from the premises furniture, furnishings and equipment which were to have been delivered with the resort property.

On May 1, 1956, Beilstens filed in the Los Angeles specific performance action their notice of motion for leave to file a cross-complaint and an amendment to their answer. This proposed cross-complaint was essentially a duplicate of the complaint in the Lake County action. The motion for leave to file the cross-complaint was denied. Shortly thereafter, and pursuant to stipulation, the rescission action was ordered transferred from Lake County to Los Angeles County.

On May 16, 1956, the parties, through their counsel, presented to the presiding judge of the Los Angeles County Superior Court a written stipulation which, after reciting the pendency of the specific performance action and the transfer of the rescission action from Lake County, provided: that said court might make its order consolidating said causes for the purposes of trial; that in lieu of Phillips filing an amended answer and cross-complaint, each and all of the allegations of the complaint in the rescission action would be deemed denied, and that Phillips might be granted such affirmative relief by way of accounting and otherwise as might be "equitable in the premises."

An order for consolidation was made in conformity with the terms of the foregoing stipulation and the consolidated actions were set for trial. On June 15, 1956, Phillips filed an amended answer which amounted to a general and specific denial of most of the material allegations of Beilstens' complaint.

The consolidated actions came on for trial on July 13, 1956, and after a lengthy trial, the court rendered its decision finding Phillips guilty of fraud substantially as charged in the Beilsten complaint. The judgment decreed a rescission of the contract and awarded the Beilstens a money judgment in the sum of $28,476.91. The computation of the monetary award was set forth in the trial judge's memorandum of decision as follows:

(1) Reasonable value Lemona property ....................... $27,000.00
Less unpaid lien ............... 6,925.00

Net value Lemona property................ $20,075.00

(2) Moneys expended for improvements and reasonable value of equipment necessarily purchased .............................. $ 3,957.80

(3) Escrow e x p e n s e s, moving expenses, commission, fixture tax, liquor inventory on hand upon abandonment, and cash down payment ....................... $ 2,989.53
(The Court has disallowed the item of $1203.87 for inventory and supplies as they were used by plaintiffs in their operation of the resort.)

(4) Taxes paid ............................... $ 462.58

(5) Trust deed payment....................... $ 992.00

$28,476.91

On this appeal from the judgment Phillips expressly concedes the sufficiency of the evidence to sustain all of the findings of the trial court with respect to his fraudulent misrepresentations and respondents' reliance thereon. Appellant also concedes the sufficiency of the evidence to support all of the findings as to the value of the Lemona property. A review of the record readily discloses that appellant's concessions are not only proper but clearly necessary.

■ Appellant first argues that respondents were precluded from seeking rescission because their verified answer to the complaint in the specific performance action admitted the validity and enforceability of the agreement. Appellant cites a number of decisions in support of the rule stated in *Beatty* v. *Pacific States Savings & Loan Co.*, 4 Cal.App.2d 692, 696-697 [41 P.2d 378], to the effect that where a fact is directly alleged in a verified pleading the pleader will not be permitted later to contradict the fact so alleged without a satisfactory explanation. The rule which appellant seeks to invoke has no application here. It is true that by their answer in the specific performance action respondents admitted the *execution* of the agreement, but they neither alleged nor admitted any fact which was in the slightest degree inconsistent with any fact which they had alleged in their complaint for rescission which they previously had filed in Lake County.

■ Appellant advances the concomitant contentions that respondents were barred from seeking rescission (1) by their

failure to seek it by way of a timely cross-complaint or counterclaim in the specific performance action and (2) by the order denying their motion for leave to file the cross-complaint which they tendered in the specific performance action. Without conceding that these contentions might otherwise have had merit, we hold that appellant *waived* them by stipulating to the transfer of the rescission action from Lake County to Los Angeles and to the consolidation of the two actions for purposes of trial.

These stipulations were plainly designed to avoid a multiplicity of actions in a situation where suits involving the same general subject matter were pending in different courts. The procedure followed was obviously advantageous both to appellant and respondents. (See 2 Witkin, California Procedure, 1132 et seq.) Appellant suggests no reason why he should be permitted to repudiate his stipulations. Manifestly, any right to urge error with respect to procedural matters antecedent to the stipulations has been waived. (*Cf. McClure* v. *Donovan,* 33 Cal.2d 717, 722, 723 [205 P.2d 17]; *Moore* v. *Hubbard & Johnson Lumber Co.,* 149 Cal.App.2d 236, 242 [308 P.2d 794].) Appellant interposed no objections in the trial court on the basis of these contentions but rather sought an adjudication on the merits. For this additional reason, therefore, any right to urge error in respect to these procedural matters has been waived. (*Huntoon* v. *Hurley,* 137 Cal.App.2d 33, 38 [290 P.2d 14].)

Since respondents had filed their pending action for rescission on the ground of alleged fraud several months before they filed their answer in the specific performance action, it cannot be maintained with reason that their failure to plead fraud or to seek rescission by cross-complaint in the latter action should have been construed as an affirmance of the contract or an admission of its validity. At the time appellant stipulated to a consolidation of the two actions, he well knew that respondents were seeking a judicial confirmation of the rescission which they had declared by their notice of May 24, 1955. (*Cf. Montgomery* v. *McLaury,* 143 Cal. 83, 88 [76 P. 964]; and see *Walsh* v. *Majors,* 4 Cal.2d 384, 398 [49 P.2d 598].) We must reject as strained and wholly unreasonable appellant's construction of the stipulation upon which the two actions were consolidated for trial. We find nothing either in the stipulation or in the record to support the contention that the stipulation was intended to foreclose the granting of any part of the relief sought by the prayer of

respondents' complaint in the rescission action. We hold that the trial court's construction of the stipulation was reasonable and proper.

■ Appellant next urges that the Lake County Superior Court was without jurisdiction of the subject matter of the rescission action for the asserted reason that exclusive jurisdiction of all litigation arising from the transaction involved had vested in the Los Angeles Superior Court upon the filing of the specific performance action. Upon this premise it is argued that the Los Angeles court "was equally without jurisdiction to grant Beilsten any affirmative relief on his complaint in the rescission action. Hence, the judgment in the rescission action was void and it should be vacated." We find no merit in this contention. For the purposes of discussion we may accept appellant's premise that the Lake County Superior Court lacked jurisdiction of the subject matter of the rescission action. On this premise the transfer of the action to Los Angeles County was clearly proper.

In *Schlyen* v. *Schlyen,* 43 Cal.2d 361, 376 [273 P.2d 897], referring to legislation adopted in 1957 and citing section 396 of the Code of Civil Procedure as amended in that year, the court declared: "One of the results of that legislation is to authorize a court having no jurisdiction of the subject matter of an action commenced therein to transfer it to the court having jurisdiction, if there be one." Again it is to be borne in mind that appellant *stipulated* to the transfer of the rescission action to Los Angeles County and to its consolidation with the specific performance action and that thereafter he participated in the trial on the merits without interposing any objection on any of the procedural or jurisdictional grounds which he now advances. ■ As this court stated in *Munns* v. *Stenman,* 152 Cal.App.2d 543, 557 [314 P.2d 67] : "Applicable here is the rule that parties to an action over which the court has general jurisdiction cannot be heard to claim lack of power to try a particular issue after they have consented to a trial thereof and have participated in the same." ■ In *Schlyen, supra,* (43 Cal.2d at p. 377) the rule is stated: "Where the superior court has jurisdiction over the particular class of cases in question it is the established rule that if no objection on the ground of another action pending or other appropriate objection be timely made it is deemed to be waived. (*Estate of Dombrowski,* 163 Cal. 290, 297 [125 P. 233] ; *Estate of Latour,* 140 Cal. 414, 425-426 [73 P. 1070, 74 P. 441].) The latter rule has been applied to proceedings in a court exercising

general jurisdiction where a party has failed to interpose a timely objection on the ground that the issues should not be determined in the pending action. (*Simons* v. *Bedell* (1898), 122 Cal. 341 [55 P. 3, 68 Am.St.Rep. 35]; *Miller* v. *Forster* (1933), 131 Cal.App. 509 [21 P.2d 678].)''

■ Appellant asserts that the trial court's finding as to the value of the Lemona property is unsupported by the evidence. However, the record reveals that the pleadings tendered no issue with respect to this matter. In his answer to the rescission complaint appellant made no denial of respondents' allegation that $27,000 was the reasonable value of said property. Furthermore, it appears to be undisputed that at the time the agreement was made the parties mutually set the value of the property at that figure. ■ Appellant also complains that the judgment erroneously fails to charge respondents with the reasonable rental value of the resort property during the time they were in possession. This argument is futile because appellant does not refer to any evidence in the record which would have afforded a basis for such a charge.

Although the briefs of the parties contain no discussion of the matter, it clearly appears that the rescission action was tried in the trial court as an action upon a rescission *in pais* in which the respondents sought recovery of the equivalent of the consideration which they had given pursuant to the contract, together with consequential damages. (See 9 Cal.Jur. 2d 517, § 3.) It is clear also that the theory and intent of the trial court's award of the money judgment was to accomplish as nearly as possible a restoration of the status quo. It is elementary, of course, that the trial court was empowered to grant such monetary relief as might be found necessary to do complete equity between the parties. (See 9 Cal.Jur.2d 633, § 48.) Appellant has failed to show that the judgment is inequitable in any respect.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied November 18, 1958, and appellant's petition for a hearing by the Supreme Court was denied December 17, 1958.